# Wright *v.* Linhart, Appellant.

*Judgments—Opening judgments—Findings of fact—Appeals.*

1. The findings of fact of a judge on conflicting evidence will not be disturbed except for error clearly shown.

2. An application to open a confessed judgment is addressed to the equitable powers of the court, and it rests with the complainant to make out a case that would justify a decree in his favor. Where the evidence is conflicting, and the decision depends entirely on the credibility of witnesses, the conclusion of the lower court that the defendant was not entitled to relief will not be reversed.

*Judgments—Judgments by confession—Opening judgment—Discharge of rule to open.*

3. Upon a petition for a rule to open a judgment confessed by warrant of attorney alleging that petitioner had been fraudulently induced by the representations of the plaintiff to execute a judgment note for $3,000, at a time when she was unable to read because of the loss of her glasses, and that she in fact owed only $300, the evidence as to the truth of the facts alleged was conflicting and the decision depended upon the credibility of the witnesses. The court discharged the rule. *Held,* no error.

Argued Oct. 21, 1913. Appeal, No. 54, Oct. T., 1913, by defendant, from order of C. P. Allegheny Co., Oct. T., 1912, No. 71, discharging a rule to open a confessed judgment in case of R. B. Wright v. Annie M. Linhart. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Rule to open judgment upon a single bill confessed by warrant of attorney. Before SHAFER, J.

The opinion of the Supreme Court states the facts.

The court discharged the rule. Defendant appealed.

*Error assigned,* among others, was in discharging the rule.

*Morton Hunter,* for appellant.

*J. S. Christy,* for appellee.

PER CURIAM, January 5, 1914:

This appeal is from an order discharging a rule to open a judgment entered by warrant of attorney on a note for $3,000. The issue raised by the petition on which the rule was granted and the answer thereto was whether the defendant had been fraudulently induced by the representation of the plaintiff made at a time when she was unable to read because of the loss of her glasses, to sign the note on which judgment was en-

tered, when she owed only $300. The decision depended entirely on the credibility of witnesses and the learned judge who heard the case found from a careful consideration of all the testimony, that the defendant was not entitled to the relief prayed for. In the conclusion announced by him we fully concur. But if a doubt was created as to the correctness of the conclusion, it would not be ground for reversal. The findings of a judge on conflicting evidence will not be disturbed except for error clearly shown: Steinmeyer v. Siebert, 190 Pa. 471. An application to open a confessed judgment is addressed to the equitable powers of the court and it rests with the complainant to make out a case that would justify a decree in his favor. A mere conflict of evidence is not sufficient for this. Upon appeal to this court the question to be determined is whether in view of all the evidence it can be said that the discretion of the Court of Common Pleas has not been rightly exercised: Wernet's App., 91 Pa. 319; Jenkintown National Bank's App., 124 Pa. 337; Augustine v. Wolf, 215 Pa. 558.

The order appealed from is affirmed.