## Everhart, Appellant, *v.* Fulmer.

*Judgment—Opening judgment—Signature to judgment note—Evidence —Conflicting testimony.*

1. An order opening a judgment entered upon a judgment note will not be reversed where the evidence taken in support of the rule although contradicted tended to show that the name of the subscribing witness to the note was affixed after the execution of the note, and without the knowledge and consent of the makers.

2. The adding of the name of a witness to a judgment note after its execution without the knowledge or consent of the makers is a material alteration.

Argued May 5, 1914.   Appeal, No. 103, April T., 1914, by plaintiff, from order of C. P. Clarion Co., Dec. T., 1908, No. 174, making absolute rule to open judgment in case of Earl Everhart to use of D. A. Everhart v. Charles Fulmer and Mary Whitmer.   Before Rice, P. J., Orlady, Head, Porter, Henderson, Kephart and Trexler, JJ.   Affirmed.

Rule to open judgment entered on a judgment note. The note in question was as follows:

"$300.                   Pigeon, Pa., Nov. 11th, 1908.

"One year after date we promise to pay to the order of Earl Everhart Three Hundred Dollars, With interest and without defalcation for value received.   And we hereby authorize any Attorney of any Court of Record in Pennsylvania, or elsewhere, to confess judgment against us therefor, with costs of suit, release of errors, and with five per cent. additional for collection fees; and we hereby also waive the right of inquisition, condemnation and appeal, and stay of execution, and in consideration of time given, all claims for the benefit of any exemption laws.

"Witness our hands and seals the day and year above written.                   "Charles Fulmer, (Seal).

"Witness:                   "Mrs. Mary Whitmer, (Seal).

"Maude Everhart."

The testimony relating to the alteration ·of the note is stated in the opinion of the Superior Court.

The court made absolute rule to open the judgment.

*Error assigned* was the order of the court.

*George F. Whitmer,* for appellant, cited: Howie v. Lewis, 14 Pa. Superior Ct. 232; Garrard v. Haddan, 67 Pa. 82; Zimmerman v. Rote, 75 Pa. 188.

*A. A. Geary,* with him *W. W. Hindman,* for appellee, cited: Jenkintown Nat. Bank's App., 124 Pa. 337; Freeman v. Sanner, 11 Pa. Superior Ct. 42.

OPINION BY TREXLER, J., October 12, 1914:

The court below, upon a petition being presented alleging that the name of the subscribing witness to a promissory note was affixed after the execution of the note and without the knowledge and consent of the makers, opened the judgment which had been entered by virtue of a warrant of attorney contained in the note and granted an issue to determine the facts in dispute. The depositions taken show that there is great doubt as to the time when the name of the subscribing witness was affixed and as to whether the name was affixed with the knowledge and consent of the makers.

Mary Whitmer, the petitioner, one of the makers of the note, testified that the signature of the subscribing witness was not on the note when she and her joint obligor, Fulmer, signed it. In this statement she was corroborated by Fulmer. The subscribing witness and the payee of the note contradicted her and alleged that when Fulmer affixed his name to the note he handed the pen to the wife of the payee, and she with the same pen signed as subscribing witness. The note itself upon examination by the court showed that the name of the subscribing witness and that of Fulmer, appeared to have been written with inks differing in color. In the

face of this contradictory testimony the court cannot be convicted of error in that, in the exercise of its discretion it granted an issue and referred the determination of the matter to a jury: Jenkintown Nat'l Bank v. Fulmor, 124 Pa. 337, and a long line of cases, the last being Wright v. Linhart, 243 Pa. 221. The adding of the name of a witness to the signature of a paper after its execution without the knowledge or consent of the obligors is a material alteration: Shiffer v. Mosier, 225 Pa. 552; Marshall v. Gougler, 10 S. & R. 164; Henning v. Werkheiser, 8 Pa. 518; Foust v. Renno, 8 Pa. 378.

A careful reading of the testimony submitted leads us to the conclusion that the court below was justified in granting the issue.

Judgment affirmed.