## Lukac v. Morris, Appellant.

Argued December 14, 1932.  Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*M. J. Ryan,* for appellant.

*G. John Bruger,* and with him *L. E. Enterline,* for appellee.

Opinion by Keller, J., March 3, 1933:

This is an appeal from a refusal of the court below to open a confessed judgment.

The judgment was entered by confession on a warrant of attorney contained in a note given by the defendant to the plaintiff in connection with a contract for the installation of an electric refrigerator.

The defendant's petition averred that the refrigerator was defective and could not be made to work properly. She produced some evidence in support of her contention; but the plaintiff's evidence was to the contrary and the court below after full hearing found that the defendant had failed to establish by a fair preponderance of the evidence not only that the refrigerating machine was defective in material or workmanship but also that it did not operate in a satisfactory manner.

A mere conflict of testimony does not require the opening of a judgment and the submission of the case to the jury. The petition is addressed to the equitable powers of the court and the burden is on the petitioner to make out a case which would justify a decree in her favor: Wright v. Linhart, 243 Pa. 221, 89 Atl. 973; Augustine v. Wolf, 215 Pa. 558, 64 Atl. 777. Where the court below sitting as a chancellor is satisfied that she has failed to meet this burden, this court will not reverse unless the case shows some error in law or abuse of discretion, neither of which we find in this case.

We are not to be understood as sustaining the extreme claim of the appellee in his argument. Contracts which provide for the cumulation of remedies under a lease or bailment contract, in such a way as to produce results which are so grossly inequitable as to be unconscionable, will not be sustained in the

law courts in this State, where equity is administered under common law forms,—the petition to open the judgment is, in effect, a bill in equity. A bailor cannot conscionably take back a leased article and still hold the bailee liable for instalments of rent accruing *after* he has resumed possession of the leased article, —no matter what the lease may provide on the subject,—any more than the obligee of a bond can make the obligor pay double the amount of money borrowed, on failure to pay the money borrowed when due, although it is "so nominated in the bond": Grakelow v. Kidder, 95 Pa. Superior Ct. 250; Greco v. Woodlawn Furniture Co., 99 Pa. Superior Ct. 290, 292. But the order of the court below was not based on such a claim; the actions of the plaintiff did not amount to a retaking of the refrigerator, but only to such possession as was needed for repairs.

The order is affirmed at the costs of the appellant.