Griffith et ux. *v.* Hamer et al., Appellants.

Argued April 17, 1934.  Before Trexler, P. J., Keller, Stadtfeld, Parker and James, JJ.

*John M. Bennett* of *Weimer & Bennett,* for appellants.

*J. J. Kintner,* for appellee.

Opinion by James, J., July 13, 1934:

On June 29, 1931, Cevilla Griffith and John R. Griffith filed their petition for the appointment of viewers for damages to their property in the Borough of Ferndale. Viewers were appointed, hearings held and a report was filed September 7, 1931, awarding damages in the sum of $425, on which date the report was confirmed nisi and confirmed absolutely on October 8, 1931. Notice of filing the report had been given to the borough. On May 14, 1932, judgment was entered on the award and on October 31, 1932, a petition was filed asking that an alternative writ of mandamus issue against the borough council requiring them to issue an order upon the treasurer for the amount of the award. A motion to quash was filed but was discharged, the court holding that although a writ of mandamus was not proper in form as the petition for the writ set out in substance what would be required for a writ of mandamus execution under the Act of 1834, it would be regarded as a petition under the act, citing Schlosberg et ux. v. City of New Castle, 100 Pa. Superior Ct. 139. An answer was filed by the borough in the nature of a petition to open the judgment, in which it was averred that on June 3, 1931 it was agreed between petitioners and representatives of the borough that if the borough would place a tap or intake at the curb on Franklin Street and install a storm sewer over a portion of Hochstein Street for the purpose of conducting the drainage into the storm sewer for the future, any damages suffered up to that time by reason of the overflow of water on the premises of the petitioners would be waived; that on the 11th day of June, 1931, the tap sewer was installed; that on or about the 24th of October, 1931, the borough started the installation of the storm sewer and finished the same on or about the 24th of November, 1931; that the cost of the same was $2,000, and that by virtue of

its performance the judgment entered upon the award had been fully satisfied. On this petition or answer, a rule was granted to show cause why judgment should not be entered and an answer filed. After hearings were had, the court filed an opinion in which it held that the evidence taken in support of the petition for opening the judgment was not, in its opinion, sufficient to require submission of any fact therein requested to a jury and discharged the rule, from which order this appeal was taken.

.We do not believe it will serve any useful purpose to give the testimony in detail. Suffice it to say that the testimony of the borough authorities did not establish an accord and satisfaction and, further, it is contradicted in very material matters by counsel for the petitioners, who contended that the borough had agreed to furnish adequate relief and that between the time of the alleged agreement and the filing of the petition, but after the installation of the tap or intake, further damage had been inflicted upon the premises of the petitioners. It was further established that this agreement was introduced by the borough as a defense at the hearing before the viewers. A short time before the entry of judgment, efforts were made to settle the controversy but no steps were taken by the borough authorities to open the judgment entered upon the award until several months after the petition for the mandamus was filed and not until sixteen months after the final confirmation of the report of the viewers.

This appeal must be determined on whether the court below abused its discretion in not opening the judgment and permitting a jury to pass upon the facts. We are convinced that there was no abuse of discretion on the part of the court below. Had the borough authorities desired to raise the questions involved in this appeal, they could have been properly raised by an appeal from the report of the viewers and they can

not at this late day be permitted to set up a defense that had been passed upon by the viewers and the award of viewers confirmed.

"The petition is addressed to the equitable powers of the court and the burden is on the petitioner to make out a case which would justify a decree in her favor: Wright v. Linhart, 243 Pa. 221, 89 Atl. 973; Augustine v. Wolf, 215 Pa. 558, 64 Atl. 777." Lukac v. Morris, 108 Pa. Superior Ct. 453, 454, 164 A. 834. Where the court below sitting as a chancellor is satisfied that the petitioner failed to meet this burden, this court will not reverse unless the case shows some error in law or abuse of discretion, neither of which we find in this case.

Further, "It is well settled in mandamus-execution that the court will not hear a defense which might have been made in the action before judgment." Schlosberg et ux. v. City of New Castle, supra, at page 146, and cases therein cited.

The order is affirmed at the cost of the appellant.