## Bailey v. Brown

*Edward D. Mitchell*, for plaintiff.
*Samuel Gorson*, for defendant.

SMITH, P. J., September 28, 1944. — This matter comes before the court on motions to open two judgment notes entered of record which defendant avers were forgeries. Depositions under oath have been taken by both parties. Defendant testified that she did not sign the said judgment notes. A witness whose name appears on the said notes has testified that she did not in fact witness the signature of defendant on the notes and that she never saw them before. It is the testimony of plaintiff that he prepared the two said judgment notes as evidence that there are due and owing him certain sums of money for services rendered to the defendant and for money loaned to her, and that the defendant signed the two said judgment notes in his presence.

The depositions are conclusive that there was either forgery by plaintiff or that perjury has been perpetrated by defendant. If the depositions of defendant and her witness are true, she should be permitted to

have her case submitted to a jury. An application to open a judgment is addressed to the sound discretion of the court. It is an equitable proceeding and is controlled by equitable principles: Blauvelt v. Kemon, 196 Pa. 128; Williams v. Notopolos, 247 Pa. 554; United States Savings & Trust Co., to use, v. Helsel, 325 Pa. 1.

The allegation in defendant's petition is that the notes are forgeries. The depositions of defendant must make out a case which would justify a chancellor making a decree: Griffith et ux. v. Hamer et al., 113 Pa. Superior Ct. 239.

The real issue here raised is as to the truth or falsity of the testimony presented in the depositions. In the case of Nissenbaum v. Brahinsky, 17 Dist. R. 690, Martin, P. J., C. P. No. 5, said:

"The facts set up by defendant, if true, constitute a good defence to the judgment, and his evidence is corroborated by other witnesses and circumstances. Where there is strong reason for believing that the testimony on one side or the other is wilfully false, and there is serious difficulty in weighing it without the opportunity of observing the manner and appearance of witnesses, and the defendant shows by a preponderance of evidence, if true, sufficient ground to sustain a verdict in his favor, the case is one which properly appeals to a chancellor to exercise the discretion to open the judgment and allow a trial of a case."

This is not the type of case where a judgment note is signed by a mark of its maker. Defendant here either signed the said judgment notes with her full name or her purported signatures are forgeries. This is not the type and character of case which should be handled with kid gloves. Forgery is a heinous crime which cannot be ratified. The charge that one committed a forgery is also a most serious matter and the person who avers it should be forced to meet the grave responsibility of proving it. Either one of these parties is guilty of wilful falsehood. Without having had the parties

before the court, where their manner and demeanor could be observed and their testimony better weighed, the court is of the opinion this is the kind of case where the issue should be submitted to a jury.

### Order

And now, to wit, September 28, 1944, the petition of defendant to open the said judgment is hereby granted and defendant is let into a defense.