Fred B. Alberts and Dorothy M. Alberts, his wife v. Urban Redevelopment Authority of Pittsburgh.

Argued October 20, 1970, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-

SON, JR., MANDERINO, MENCER and BARBIERI (who has since been appointed to the Supreme Court and did not participate in the decision in this case).

*Thomas C. Jones,* for appellants.

*John T. Richards, Jr.,* with him *Richards & Kelly,* and *William G. Sutter, Jr.,* for appellee.

OPINION BY JUDGE MANDERINO, May 17, 1971:

The Urban Redevelopment Authority of Pittsburgh, exercising its right of eminent domain, filed a declaration of taking on the property of Fred and Dorothy Alberts on October 22, 1968. After the declaration was filed, viewers were appointed, a hearing conducted and an award made to the Alberts. The Authority appealed from the award and a trial followed on November 26, 1969, which ended in a *consent verdict* of $10,500 plus detention money to the date of the payment. Judgment was entered on the verdict but no appeal was taken from the judgment.

On the face of the verdict, the Alberts were entitled to be paid $10,500 plus detention money from October 22, 1968 to the date of payment. Because the Authority did not pay any monies pursuant to the judgment, the

Alberts filed a petition for a writ of mandamus in the Court of Common Pleas of Allegheny County, seeking to obtain payment on the judgment of December 12, 1969. The Alberts' petition for mandamus was denied because the Authority claimed it had a defense to payment of full detention monies. The Alberts have appealed from the denial of the petition for mandamus.

This appeal was originally filed in the Supreme Court of Pennsylvania and pursuant to the Commonwealth Court Act (Act No. 185 of January 6, 1970; 17 P.S. 211.13, 1970), was transferred to the Commonwealth Court.

When the condemnor is a municipal corporation, a writ of mandamus is the proper way for a property owner who has been awarded damages in condemnation proceedings to compel payment on a judgment. *In re Kensington and Oxford Turnpike Co.*, 97 Pa. 260 (1881).

The Authority concedes that it has an obligation to pay the Alberts for the condemnation, but is not legally obligated to pay according to the judgment entered on December 12, 1969.

The Authority argues that under the Eminent Domain Code, that portion of the judgment referring to detention money is surplusage and was not properly a part of the verdict upon which the judgment was entered. The Authority relies on Section 1-611 of the Eminent Domain Code which states that "compensation for delay shall not be included by the viewers or the court or jury on appeal as part of the award or verdict, but shall at the time of payment of the award or judgment be calculated as above and added thereto . . . ." 26 P.S. §1-611. It is the Authority's position that *compensation for delay,* is not properly a part of the judgment because of the section relied upon, and that *compensation for delay* must be separately calculated on the amount of $10,500. Any dispute concerning the

*compensation for delay* between the Authority and the Alberts must be reconsidered or relitigated according to the Authority.

The Authority's argument might have validity if the compensation for delay included in the judgment entered had been included in the verdict by the viewers or the court or the jury. However, that portion of the judgment referring to detention money was included in the judgment *by the consents* of the Authority and Alberts. We do not think that Section 1-611 of the Eminent Domain Code cited by the Authority is relevant in this situation. The parties agreed as to the verdict and the exact wording of the verdict. The Authority cannot agree to a consent verdict and then argue that a portion of the consent verdict should be ignored.

There is another section of the Eminent Domain Code which authorizes the Authority to agree to the consent verdict. Section 1-501 of the Eminent Domain Code states that "at any stage of the proceedings, the condemnor and the condemnee may agree upon all or any part or item of the damages. . . ." 26 P.S. §1-501. That is exactly what the Authority and the Alberts did in the original condemnation proceedings. They agreed to a consent verdict and the including of detention money in the verdict.

The verdict was not an arms-length verdict between the parties, and all items in the verdict were consented to by the parties. In view of Section 1-501 of the Eminent Domain Code, we cannot read Section 1-501 of the Code as precluding such a verdict and the entry of judgment on the verdict.

The Authority and Alberts in effect agreed to a settlement of the condemnation controversy and agreed to the use of language in their settlement which is not even used in the new Eminent Domain Code. The agreed to verdict which was for "$10,500 plus detention money to the date of payment" used language which

was customarily used in condemnation matters prior to the passage of the Eminent Domain Code. Since this was the agreement which the parties entered into, the court should not attempt to alter the clearly established meaning of the language. There is no disagreement that prior to the passage of the Eminent Domain Code, a verdict which called for a lump sum, plus detention money to the date of payment, meant that detention money would be payable from the time the right of eminent domain was exercised to the date of the final adjustment of damages inflicted. There is no need in this case to interpret any of the provisions under the new code except that provision which allows the parties at any time to agree to a settlement of damages.

In oral argument before this court, it was obvious that in the original condemnation proceedings the subject of the amount of detention money payable was discussed by the parties in an attempt to arrive at a settlement. Having entered into an agreement which took the form of a consent verdict, the Authority cannot now present again the defense of partial payment of detention monies. After the judgment was entered upon the consent verdict, this court or any court would only be guessing as to whether or not the lump sum contained in the verdict was arrived at because of settlement of the disputes between the parties prior to the consent verdict. Indeed, this is exactly the claim made by the Alberts on this appeal. The matter really is not relevant because there is no need to go behind the consent verdict. The language of the consent verdict has a clear meaning in established law.

The claim of the Authority should have been asserted at the trial prior to judgment, and taken into consideration before the consent verdict was agreed upon. We cannot alter the terms of the consent verdict agreed to by the parties.

The language of the judgment is unequivocal and there is no doubt as to what the Authority owes the Alberts. Once a judgment has been obtained against a municipality, a court will not hear defenses which should have been taken into consideration before judgment. *Commonwealth v. Hinkson,* 161 Pa. 266, 28 A. 1081 (1894); *Griffith v. Hamer,* 113 Pa. Super. 239, 173 A. 874 (1934). The Authority had the chance to "set-off" the disputed payments to Alberts against the final amount due them before that amount was reduced to judgment. Having failed to do so then, the Authority cannot now assert its claim.

The decision of the lower court is reversed. It is hereby ordered that the writ of mandamus execution issue and that upon such issue, the Urban Redevelopment Authority of Pittsburgh be directed to pay to the Alberts $10,500.00 plus detention money, at the proper rate of interest, from the date of condemnation to the actual date of payment.

Judge BOWMAN concurs in the result only.