M. Glosser & Sons, Inc. and Harry Savlov, Plaintiffs, *v.* Joseph J. Micco, Comptroller, Department of Highways, Commonwealth of Pennsylvania, Defendants.

Argued May 8, 1973, before President Judge Bowman and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ronald M. Katzman,* with him *Goldberg, Evans & Katzman,* for plaintiffs.

*Reynold J. Kosek,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for defendant.

322

OPINION BY JUDGE BLATT, September 18, 1973:

The plaintiffs herein, M. Glosser & Sons, Inc. (Glosser) and Harry Savlov, have instituted this action in mandamus against the defendant, the Comptroller of the Department of Highways of the Commonwealth, seeking to compel payment to the plaintiffs of $11,000.00 which is held by the defendant.

In 1965, plaintiff Savlov, an employee of plaintiff Glosser, received an award from the Commonwealth for a purchase of steel pipe and other materials. Thereafter, Savlov entered into a contract with Tioga Pipe Supply Co. (Tioga) for the purchase of those items covered by the Commonwealth's award, but for a price higher than that Savlov was to receive from the Commonwealth. The contract was completed and Savlov received payment from the Commonwealth, but allegedly Savlov's payment to Tioga was $10,570.00 less than the price called for in their contract. Thereafter, Tioga filed an action in the Court of Common Pleas of Dauphin County and had a Fraudulent Debtor's Attachment Writ issued against funds in excess of $25,000.00 held by the Commonwealth and due to Savlov for materials purchased from him other than the materials supplied Savlov by Tioga.

As part of this above action, the defendant filed a Report in Form of Affidavit stating that he was holding for the Commonwealth certain sums in excess of $25,000 which were "due" to Savlov but that he would "retain said check and said money in its possession pending further order of the Court." The parties to that action thereafter entered into a Stipulation by which all sums held by the defendant in excess of $11,000.00 were released from the attachment and were to be paid to Savlov. It was asserted by Tioga and the defendant, as garnishee, that "said garnishee and plaintiff have asserted [that the sum attached] is the prop-

erty of defendant Harry Savlov." It was also agreed, however, that: "This Stipulation, or anything contained herein, shall not have any effect whatever on the issue of ownership of the attached property or on any other issues raised or hereafter raised by any party in the within matter."

Thereafter, upon motion of Savlov and following several hearings, the attachment was dissolved.[1]

Upon the dissolution of the attachment, the plaintiffs herein[2] sought to have the remaining funds being held by the defendant for the Commonwealth paid over to them, but were refused. They, therefore, instituted this action in mandamus in the Court of Common Pleas of Dauphin County. Preliminary Objections were filed to the complaint in the nature of a Motion to Strike because there was no clear legal right on the part of the plaintiffs to receive the money claimed nor a corresponding clear legal duty on the part of the defendant to pay such money; a petition raising the defense of a lack of capacity to sue; and a general demurrer. These Objections were overruled by the lower court, and the case was subsequently transferred to this Court. We have had an evidentiary hearing and, based thereon, make the following

## FINDINGS OF FACT

1. The defendant had in his possession $25,784.84, which he stated in an affidavit was "due" to plaintiff Savlov.

---

[1] *Tioga Pipe Supply Co., Inc. v. Savlov*, 91 Dauph. 288 (1969).

[2] Plaintiff Glosser contends that as Savlov's employer he is entitled to the $11,000.00, despite the fact that Savlov was the sole party in interest throughout all earlier proceedings. Glosser and Savlov have agreed, however, that it is immaterial who receives payment and, therefore, we will treat Savlov as the proper plaintiff in this action.

2. The above sum was attached under a Fraudulent Debtor's Attachment proceeding instituted by Tioga Pipe Supply Co., Inc. in the Court of Common Pleas of Dauphin County, No. 760 June Term 1966.

3. In his affidavit filed in these proceedings, the defendant stated that he would retain the property of plaintiff Savlov which he had in his control and which consisted of money in the amount of $25,784.84, pending further order of the court.

4. By stipulation among the parties to the above action, $14,784.84 was later released from the attachment and was immediately transferred from the defendant to plaintiff Savlov.

5. The defendant retained in his possession $11,000.00 of the original sum which he said was "due" plaintiff Savlov.

6. By opinion and Order Nisi of August 12, 1969, the lower court dissolved the aforesaid attachment, and, no exceptions having been filed to the said Order Nisi, a final order was entered on September 3, 1969.

7. Following the dissolution of the attachment, the defendant still refused to pay to plaintiff Savlov the money held by him, and he continues to refuse to make such payment.

8. The $11,000.00 which is being held by the defendant is the property of plaintiff Savlov.

In an action in mandamus, the guidelines which this Court must follow have been set out by our Supreme Court in *Travis v. Teter,* 370 Pa. 326, 330-331, 87 A. 2d 177, 179 (1952), as follows: "Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is *clear* legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. . . . However, even in such cases its issuance is not a matter of right but in certain cir-

cumstances is a matter for the sound discretion of the court. . . . It is well settled that in a mandamus proceeding a Court can compel a public official who is vested with a discretionary power to exercise that discretion; but (unless the discretion is arbitrarily or fraudulently exercised or is based upon a mistaken view of the law) it cannot interfere with or control the official's discretion or judgment. Expressed another way, it is the discretion and judgment of the official (who is vested with a discretionary power) which prevails and not that of a Court or a jury or a person aggrieved; and a Court cannot compel such official to exercise his discretion in a manner which will produce a result which the Court may deem wise or desirable. . . ." (Emphasis in original.)

The defendant contends that mandamus would be improper here because Savlov has another remedy at law available, specifically either an appeal to the Board of Arbitration of Claims pursuant to the Act of May 20, 1937, P. L. 728, 72 P.S. §4651-1 et seq., or an appeal to the Auditor General pursuant to the Act of March 30, 1811, P. L. 145, 72 P.S. §4087 et seq.

We do not agree.

The Board of Arbitration of Claims was intended to arbitrate claims against the Commonwealth arising from contract disputes. Here, although there certainly was a contract between Savlov and the Commonwealth, this action did not arise because of any problem concerning that contract. There is no question arising from that contract, therefore, which can be arbitrated. The defendant has not denied that money is owing to Savlov under the contract, but claims only that, because of other matters, such money should not be paid to Savlov at this time. The Board of Arbitration of Claims could not provide a remedy for the issue here at hand. It should also be noted that Section 6

of the Act of May 20, 1937, 72 P.S. §4651-6, provides that all claims must be filed with the Board of Arbitration of Claims within six months after they have accrued. Savlov's claim, however, accrued prior to the institution of the Fraudulent Debtor's action, and it would hardly have been reasonable to expect that he would file a claim then in view of the fact that the defendant conceded that the money was Savlov's. We cannot now relegate Savlov to this supposed remedy long after the limitation period therefor has passed through no fault of his.

As to the Act of March 30, 1811, its purpose was to allow the Auditor General to adjust an unappropriated claim, but we are not dealing here with a question of unappropriated funds. This is an attempt to recover money already appropriated and now held by the defendant, which is owed to Savlov.

The defendant contends as well that the granting of a writ of mandamus would violate Article I, Section 11,[3] of the Pennsylvania Constitution by permitting the Commonwealth to be sued for money without its consent. This is not a situation, however, where waiver of the Commonwealth's immunity from suit is required before suit may be brought, for the payment of these funds has been authorized, and the only issue involved now is the propriety of the action taken by the defendant in refusing to make such payment. Under these circumstances, mandamus is the proper remedy to try such issue. *Cf. Volunteer Firemen's Relief Association v. Minehart*, 415 Pa. 305, 203 A. 2d 476 (1964).

It would appear to us that the real problem here is that the defendant continues to retain possession of money which he has previously admitted to be the property of Savlov. Our Supreme Court has held that ad-

---

[3] For a consideration of this Section, *see Brown v. Commonwealth*, 453 Pa. 566, 305 A. 2d 868 (1973).

missions which are "contained in pleadings, stipulations, and the like, are usually termed 'judicial admissions' and as such cannot later be contradicted by the party who has made them." (Footnote omitted.) *Tops Apparel Manufacturing Company, Inc. v. Rothman*, 430 Pa. 583, 587, 244 A. 2d 436, 438 (1968). These prior admissions of the defendant, therefore, which he made in the course of this litigation, would seem to obviate any present attempt on his part to claim that the money is not Savlov's, if, of course, that claim should be made. And, actually it has not been made.

In fact, the only reason offered by the defendant for refusing to pay out the money is that it may be used as a "set-off" in an action brought by Tioga before the Board of Arbitration. That action, however, is not part of the record in this case, we are not aware of its current status, nor do we know Savlov's part, if any, in that action. In any case, no authority is cited by the defendant as a basis for his claim that he may retain these funds for that avowed purpose.

It would not appear to us that the defendant has any discretion to retain these funds when there is no allegation that they are not clearly the property of Savlov. And the mere fact that Savlov may or may not have acted fraudulently towards a third party in a completely separate transaction would not make the retention of these funds valid.

It would appear to us, therefore, that the defendant is holding funds to which Savlov has a clear legal right, that the payment of such funds to Savlov by the defendant is mandatory and not discretionary, and that there is no valid basis for the defendant's refusal to pay over such funds. We, therefore, make the following

## Conclusions of Law

1. The defendant is holding $11,000.00 which is the property of plaintiff Savlov.

2. Following the dissolution of the attachment in the case in the Court of Common Pleas of Dauphin County at No. 760 June Term, 1966 there was no longer any legal justification for the defendant to retain such funds, and defendant was obligated to deliver such funds to plaintiff Savlov.

3. There is no legal justification for defendant to continue to retain such funds.

ORDER

Now, September 18, 1973, judgment is entered in favor of Harry Savlov and against Joseph J. Micco, defendant herein, and said defendant is directed to pay Savlov $11,000.00, plus interest thereon at the rate of six percent (6%) per annum from September 3, 1969, unless exceptions be filed hereto within thirty (30) days. The Prothonotary is directed to notify forthwith the parties hereto or their counsel of this decree.