Reverend Julian G. Zagorski, Bernice Dougherty and Cecilia E. Zagorski *v.* Commonwealth of Pennsylvania, Department of Transportation. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

596

Argued April 5, 1976, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ronald M. Chesin*, Special Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for appellant.

*Jules Pearlstine*, with him *George Willner*, and *Pearlstine, Salkin, Hardiman & Robinson*, for appellees.

OPINION BY JUDGE ROGERS, May 25, 1976:

The Commonwealth of Pennsylvania, acting by its Department of Transportation (PennDOT) has appealed

from a judgment entered on a verdict in favor of land-owners in an eminent domain case. We affirm.

Before the jury trial, PennDOT, pursuant to Section 703(2) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-703 (2), notified the landowners that an expert appraisal witness who had not testified before the Board of View would be called to testify at trial.

At the trial, PennDOT failed to call the witness named in the Section 703(2) notice, adducing the same expert opinion evidence presented to the Board of View. After verdict, denial of PennDOT's motion for new trial and judgment entered, PennDOT appealed. It says that two reversible errors appear in the record of the trial: (1) that the trial judge improperly permitted counsel for the appellees to argue to the jury that a negative infer-ence could be drawn from PennDOT's failure to call the expert witness named in the Section 703(2) notice, and (2) that the trial judge improperly instructed the jury that such a negative inference could be drawn. PennDOT relies upon *Lutsko v. Commonwealth of Pennsylvania, Department of Transportation,* 13 Pa. Commonwealth Ct. 150, 318 A.2d 361 (1974), where we held that the failure to call a noticed witness should not be the subject of a negative inference.

The initial question, however, is whether the issues raised by the appellant were properly preserved for review.

During trial the jury was excused while counsel for the appellees moved to introduce into evidence PennDOT's notice that it would call an heretofore unused expert. The trial judge refused to admit the notice into evidence but ruled that the appellees' counsel could argue to the jury that PennDOT had engaged a witness, whom it did not call, and that an adverse inference might be drawn therefrom. The judge, however, ruled that PennDOT might explain the absence of that witness. PennDOT's

counsel objected to the ruling concerning the inference. PennDOT's counsel then sought, and obtained, permission to comment adversely upon the fact that the condemnees failed to call one of their two valuation witnesses who appeared before the Board of View, subject to condemnees' counsel's right to explain the absence of that witness. The trial then proceeded with a final witness and counsel made their summations, which were unrecorded. The record shows no objection by PennDOT's counsel during or immediately following the summation by the appellee's counsel, no motion to withdraw a juror, no motion for instruction to disregard improper argument and, of course, no notation of what appellees' counsel argued.

"The procedure for bringing alleged improper remarks of counsel at trial upon the record in order that they may be made the predicate of an assignment of error on appeal is well established and, in the interest of fairness, must be scrupulously followed. Specifically, it is incumbent upon complaining counsel to except promptly to offending remarks, when made, and move forthwith for the withdrawal of a juror. If the motion is denied, counsel is then in position to assign for error on appeal the court's refusal so to act and thus have the alleged impropriety of the excepted to remarks or comments passed upon by the appellate court. If complaining counsel wishes, however, not to have the trial continued and, consequently, refrains from moving the court for the withdrawal of a juror, but excepts none the less to the opposing counsel's remarks, he should thereupon request the court to instruct the jury to disregard the alleged improper matter. The court's refusal so to do, if excepted to, would likewise be reviewable on appeal as a ground for a new trial.

.    .    .    .

"In *Narciso v. Mauch Chunk Township,* 369 Pa. 549, 554, 87 A.2d 233, the sine quo non of a timely exception and motion in respect of alleged improper remarks of counsel was plainly recognized where we said that, 'It is unquestionably true that remarks of counsel cannot form a basis for a new trial in the absence of timely objection [citing cases].'" *Springer v. Allegheny County,* 401 Pa. 557, 563-64, 165 A.2d 383, 386-87 (1960).

A principal reason for the rule requiring objection to and recording of the allegedly improper argument is to allow the reviewing court to determine whether the argument was prejudicial. *See* 6A Standard Pennsylvania Practice, §§ 23, 28, 53 (1960). On the record before us, we are unable to determine what was said in summation to the jury concerning PennDOT's failure to call their absent appraiser or to make a judgment of the effect any comment made may have had on the verdict. We are therefore unable to say that the trial judge committed an error of law controlling the outcome of the case or effecting a serious injustice. *Cohen v. Redevelopment Authority of the City of Philadelphia,* 12 Pa. Commonwealth Ct. 125, 315 A.2d 372 (1974).

PennDOT's second assignment, that the trial court improperly instructed the jury concerning the drawing of an adverse inference from PennDOT's failure to call the noticed expert witness, was not made the subject of an exception to the charge and therefore was not properly preserved for appeal. *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974) ; Pa. R.C.P. No. 227 (b).

Affirmed.

President Judge BOWMAN concurs in the result only.

Judge KRAMER did not participate in the decision in this case.