393 A.2d 692

**Phyllis B. HACHICK, Administratrix of the Estate of George Michael Hachick, Deceased, Appellee,**

v.

**John J. KOBELAK, Appellant.**

Superior Court of Pennsylvania.

Argued April 10, 1978.

Decided Oct. 20, 1978.

14

S. Asher Winikoff, with him Rosenberg, Kirshner & Kaleugher, Pittsburgh, for appellant.

Willard R. Crout, Pittsburgh, for appellee.

Before JACOBS, President Judge and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HOFFMAN, Judge:

Appellant contends that the trial court erred in (1) refusing to admit into evidence the allegations contained in appellee's original complaint and (2) holding that the dead man's statute prevented appellant from testifying at trial. We agree that the lower court improperly refused to admit into evidence the allegations in appellee's original complaint. Accordingly, we reverse and remand for a new trial.

On November 19, 1973, appellee and her husband, the decedent's parents, administrators of the decedent's estate,[1] filed a complaint in trespass for wrongful death[2] and survivorship[3] in the Allegheny County Court of Common Pleas. Several paragraphs of the complaint alleged that when the decedent entered appellant's automobile, appellant was "in a very intoxicated condition," "heavily intoxicated," and that this condition was "clearly apparent." Appellee also named as a defendant a tavern which allegedly had served appellant alcohol despite his visibly intoxicated condition. In addition to appellant's intoxication, the complaint alleged numerous counts of negligence as well as statutory violations.

On November 18, 1975, appellant filed a motion for judgment on the pleadings in which he alleged that appellee failed to state a cause of action and that the decedent was contributorily negligent as a matter of law. On December

---

1. On April 18, 1976, immediately preceding trial, the court granted appellee's motion to amend the caption of the complaint to name only appellee Phyllis B. Hachick as administratrix for the decedent's estate. Appellee then informed the court that she would only pursue a survival action.

2. Act of April 15, 1851, P.L. 669, § 19; 12 P.S. § 1601.

3. Act of April 18, 1949, P.L. 512, Art. VI, § 601; 20 Pa.C.S. § 3371.

9, 1975, appellee filed a petition for leave to amend the complaint which appellant opposed by alleging prejudice to his outstanding motion for judgment on the pleadings. The motions court granted appellee's motion to amend the complaint but noted that the motion did not specifically state which paragraphs appellee sought to modify. Consequently, the motions court issued the following order:

". . . [P]laintiff is granted 20 days from the date of this Order to Amend the Complaint by striking all paragraph relating to the consumption of alcoholic beverages of the original defendant, and those paragraphs relating to the defendant [tavern]."

The motions court further held that allowing appellee to amend the complaint did not prejudice appellant because appellee sought only to strike averments rather than add to a new cause of action. Moreover, the court concluded that although its order would permit appellee to strike certain averments from the complaint, the facts contained in those stricken averments could be introduced at trial as admissions to relevant issues.

On December 23, 1975, appellee filed an amended complaint which named appellant as the only defendant and alleged only appellant's negligent operation of his automobile. On April 19, 1976, the trial court denied appellant's motion for judgment on the pleadings and removed the other defendants from the suit.

At a jury trial on January 18, 19, and 20, 1977, the following facts were presented. On October 28, 1972, appellee's decedent, George Michael Hachick, age 24, was killed in an accident while riding as a guest passenger in an automobile which appellant was driving. At trial, appellant sought to introduce into evidence the factual averments in the original complaint describing appellant's alleged intoxication. Appellant asserted that although appellee had stricken the allegations of appellant's intoxication from the complaint, the facts contained in the allegations were admissions and therefore admissible into evidence. The trial court refused to allow the averments into evidence. At the end of

trial, appellant renewed his request to admit the factual averments contained in the original complaint and the trial court again refused.

On January 20, 1976, the jury returned a verdict of $35,000.00 for appellee. The lower court denied appellant's motion for a new trial; this appeal followed.

Appellant contends that the lower court erroneously refused to admit into evidence factual statements contained in the original complaint. The lower court ruled that appellant waived this contention by failing to object at trial. We conclude that appellant specifically and appropriately objected to the lower court's ruling and thereby preserved his claim on appeal.

Our Supreme Court articulated the law of waiver in *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 258, 260, 322 A.2d 114, 117, 118 (1974) as follows:

"Requiring a timely specific objection to be taken in the trial court will ensure that the trial judge has a chance to correct alleged trial errors. . . . We conclude that basic and fundamental error has no place in our modern system of jurisprudence. . . ."

*See also Tronzo v. Flohr Chevrolet, Inc.,* 231 Pa.Super. 455, 331 A.2d 555 (1974); *Zagorski v. Commonwealth of Pennsylvania Dep't of Transp.,* 24 Pa.Cmwlth. 595, 358 A.2d 109 (1976).

We must examine the record to determine whether appellant preserved his objection to the lower court's ruling. During trial, the following colloquy ensued:

"[Counsel for appellant]: . . . We would like to read into evidence admissions made by the plaintiff and plaintiff's counsel in the original complaint.

"THE COURT: You mean, you wish to read into evidence certain paragraphs in the complaint as originally filed?

"[Counsel]: Right.

"THE COURT: As being admissions?

"[Counsel]: Against our interest.

"THE COURT: That will not be permitted, either.

"[Counsel]: When the preliminary objections to Mr. Crout's amended complaint were ruled on by Judge Finkelhor in her opinion she specifically stated that we could bring in evidence. I have substantial case law which shows that it is a judicial pleading. The amendment to the complaint did not strike the paragraphs of the original complaint; it only amended it.

"THE COURT: I have ruled that you are not going to be permitted to read any averments contained in the complaint as originally filed."

Thus, appellant specifically objected at trial to the court's refusal to admit the factual averments of the complaint. Moreover, appellant listed the trial court's refusal to admit the factual allegations as a paragraph in its motion for a new trial. Accordingly, we conclude that unlike *Dilliplaine*, supra, the appellant in the instant case objected to the trial court's ruling in a timely and specific fashion and thus preserved his contention for review.

 Having concluded that appellant did not waive his claim, we must decide the merits of his contention that the trial court erred in refusing to admit into evidence the factual averments contained in the original complaint.[4] In

---

4. As part of this contention, appellant argues that the motions court erred in allowing appellee to amend the original complaint because at the time of the amendment, the statute of limitations had run on appellee's cause of action. We disagree. "Rules of procedure allow amendment of a complaint even if the request for the amendment is made during trial. . . . Leave to amend liberally is 'subject to the qualification that any amendment may not introduce a new cause of action after the statute of limitations has run its course.'" *Willinger v. Mercy Catholic Medical Center,* 241 Pa.Super. 456, 466, 362 A.2d 280, 285 (1976) (Citations omitted). *See also Bata v. Central-Penn National Bank of Philadelphia,* 448 Pa. 355, 293 A.2d 343 (1972), cert. denied, 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973), reh. denied, 410 U.S. 960, 93 S.Ct. 1417, 35 L.Ed.2d 695 (1973); *A. P. C. L. & K., Inc. v. Richer Communications, Inc.,* 241 Pa.Super. 396, 361 A.2d 762 (1976); *West Penn Power Co. v. Bethlehem Steel Corp.,* 236 Pa.Super. 413, 348 A.2d 144 (1975). Moreover, our standard of review of a lower court's allowance of an amendment of pleadings is limited to an evaluation of whether the lower court abused its discretion. *Posternack v. American Cas. Co. of Reading,*

*Tops Apparel Mfg. Co. v. Rothman*, 430 Pa. 583, 244 A.2d 436 (1968), our Supreme Court held that "[a]dmissions of this type, i. e., those contained in pleadings, stipulations, and the like, are usually termed 'judicial admissions' and as such cannot later be contradicted by the party who has made them. See Wigmore, Evidence, § 1603(e) (3d ed. 1940)." *See also, M. Glosser & Sons v. Micco,* 10 Pa.Cmwlth. 320, 309 A.2d 602 (1973). Moreover, " "[a]lthough a pleading which has been withdrawn or stricken out or superseded by amendment is out of the case in its capacity as a pleading, and the pleader is no longer concluded by it, statements therein may still be competent as admissions when they are relevant to the issues in connection with which it is sought to introduce them." ': *Eston School Dist. v. Cont'l Cas. Co.,* 304 Pa. 67, 72, 155 A. 93." *Braceland v. Hughes,* 184 Pa.Super. 4, 7, 133 A.2d 286, 287 (1957).

In the instant case, appellant sought to introduce into evidence as admissions against appellee's interest statements regarding appellant's alleged intoxication contained in the original complaint. The trial court refused without explanation. We conclude that the factual allegations contained in the original complaint constituted admissions against appellee's interest insofar as appellee's decedent admitted that he observed appellant's visibly intoxicated condition but still remained a passenger in appellant's car. Because these factual averments concern the decedent's possible contributory negligence, they were admissions against appellee's interest. Consequently, we hold that the trial court erred in

421 Pa. 21, 218 A.2d 350 (1966); *Otto v. American Mutual Ins. Co.,* 241 Pa.Super. 423, 361 A.2d 815 (1976).

In the instant case, appellee struck certain paragraphs from the original complaint but did not add any new allegations to the amended complaint. We conclude that although the statute of limitations had elapsed when appellee amended the complaint, the amended complaint did not state a new cause of action or prejudice appellant. Accordingly, we hold that the motions court did not abuse its discretion in allowing the amendment.

failing to allow appellant to present these facts at trial. Thus, we reverse and remand for a new trial.[5]

Reversed.

The decision in this case was made prior to the retirement of HOFFMAN, J.

VAN der VOORT, J., dissents.

5. Appellant's second contention is that the trial court erred in finding that the dead man's statute precluded him from testifying at trial. The trial court held that appellant waived this contention by filing to object at trial. Thus, the trial court's opinion does not evaluate the merits of appellant's contention. Because we reverse and remand for a new trial based on the trial court's refusal to admit into evidence factual allegations contained in the original complaint and because of the lack of clarity in the record, we offer no observations either about whether appellant waived his contention or on the merits of the dead man's statute issue.