## Fake v. Commonwealth

*Peter J. Dubinsky,* for plaintiffs.
*H. Warren Ragot, Assistant Attorney General,* for defendant.

MORGAN, *J.,* July 16, 1980—Plaintiffs have entered judgment against the Commonwealth on a jury verdict under the Eminent Domain Code. A writ of execution has been issued on praecipe filed in accordance with Pa.R.C.P. 3101 and a levy has been made by the sheriff of Dauphin County on all furnishings and equipment in the office of the Secretary of General Services and on 50 state-owned automobiles. A petition to set aside the writ raises the question whether this judgment against the Commonwealth can be enforced by execution.

The writ cannot issue under the Rules of Civil Procedure relating to execution because judgments against the Commonwealth are expressly excepted from the definition of the term "judgments." See Pa.R.C.P. 3101(a); 7 Standard Pa. Pract. Execution §15. Nor is there any section of the Eminent Domain Code or other act of assembly providing for enforcement of this judgment by execution. We therefore hold that there may not be this private levy on public property to satisfy a condemnation award. We reject the argument that the aversion of our Supreme Court to sovereign immunity against suit should aid plaintiffs here. In suit there is no such potential for disruption of the

proper administration of government as there is in the collection process of which the instant case is a graphic example. See also 9 Goodrich-Amram 2d §3101(b):5. Further, the lack of any recourse which prompted the abrogation of the doctrine of sovereign immunity does not exist here. An alternative to execution and the appropriate remedy for these plaintiffs is an action of mandamus to compel payment of the award. See Alberts v. Urban Redev. Auth., 2 Pa. Commonwealth Ct. 167, 277 A. 2d 361 (1971).

Accordingly, we enter the following

### ORDER

And now, July 16, 1980, the petition of the Commonwealth to set aside the writ of execution issued herein is granted.