## Anjo Construction Company v. Port Authority of Allegheny County

*Robert N. Peirce Jr.,* for plaintiff.
*Alan A. Garfinkel,* for defendant.

WEKSELMAN, *J.,* July 15, 1985 — Plaintiff, Anjo Construction Company, entered into a contract with defendant, Port Authority of Allegheny County, to construct the shell of the Midtown Station of the Light Rail Transit System in Downtown Pittsburgh. Work was done between July 1981 and November 1983.

The contract provides for adjustments in the amount of money to be paid for the work. Compensation may be adjusted on the basis of changes in the work or a "value engineering incentive." Value engineering refers to cost reduction proposals initiated and developed by the contractor. The contract further provides that defendant may offset the amount due under the contract. This may be done where the port authority is required to expend funds because of deficiencies in the contractor's work or where an overpayment is made as a result of an over-estimate of the cost of the work or materials. The contract provides for arbitration of all disputes between the parties.

Plaintiff claimed to be entitled to payment for additional excavation, base slab concrete and a value engineering proposal. The claims were arbitrated, and plaintiff was awarded $430,000 on January 2, 1986. The award was not appealed. This court reduced the award to judgment in the amount of $430,000 plus interest from the date of the award. Subsequent to the award, defendant claimed to be entitled to $540,000 for deficient work and overpayments; and plaintiff claimed to be entitled to additional payment. These claims have not been decided.

This case is now before the court on plaintiff's complaint in mandamus. The complaint was filed to compel payment of the judgment entered on the arbitration award. Plaintiff claims to be entitled to a writ of mandamus on the grounds that the judgment is owed to it and there is no other legal means available to compel payment. Defendant, as a public authority, is not subject to execution. Rule of Civil Procedure 3101(a). Defendant argues that its claim against plaintiff prevents the issuance of a writ of mandamus.

Mandamus is an extraordinary remedy that lies only to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding legal duty in defendant, and a lack of any other adequate and appropriate remedy at law. Delaware River Port Authority v. Thornburg, 508 Pa. 11, 493 A.2d 1351 (1985). It does not lie where there is doubt as to plaintiff's right or defendant's duty. Equitable Gas Co. v. City of Pittsburgh, 507 Pa. 53, 488 A.2d 270 (1985).

Mandamus has been held to be the proper means to compel payment of money by a public official or entity in certain cases. It was found to be the proper

vehicle to obtain money appropriated by the Legislature and held by the Auditor General. Volunteer Fireman's Relief Association v. Minehart, 415 Pa. 405, 203 A.2d 476 (1964). Similarly, it was held to be the proper means to obtain payment of money allegedly due on a state contract that was held by the Controller, Department of Highways. M. Glosser & Sons, Inc. v. MICCO, 10 Pa. Commw. 320, 309 A.2d 602 (1973). City of Pittsburgh v. Pennsylvania Department of Transportation, 490 Pa. 264, 416 A.2d 461 (1980), involved an order by the Public Utility Commission requiring the Department of Transportation to reimburse the City of Pittsburgh for costs incurred in connection with the reconstruction of a bridge. The order became final when no appeal was taken. The Department of Transportation's obligation to pay became an adjudicated fact, similar to a money judgment. The obligation was enforceable by mandamus. Mandamus was the proper means for a condemnee to compel payment of a judgment awarded against a public entity in eminent domain proceedings. Alberts v. Urban Redevelopment Authority of Pittsburgh, 2 Pa. Commw. 167, 277 A.2d 361 (1971).

The judgment on the arbitration award in the instant case would appear to be enforceable by writ of mandamus if there were no countervailing claim. However, defendant's claims against plaintiff and the provision in the contract allowing such claims to be used to offset funds due to plaintiff will prevent the writ from being issued. An unliquidated claim may be asserted against a judgment on a sealed instrument where the parties have agreed that such claim would be creditable against the obligation on which the instrument is based. Yezbad v. Croce, 370 Pa. 263, 88 A.2d 80 (1952). Under similar circumstances, an unliquidated claim may be credited

against a judgment entered on a warrant of attorney. Gettier v. Friday, 375 Pa. 206, 99 A.2d 899 (1953). Where a plaintiff's monetary claim against a public entity is subject to a countervailing claim, the existence of the countervailing claim has been held to be a basis for denial of the writ of mandamus. Where city employees were dismissed for alleged criminal acts and misconduct, they were not entitled to a writ of mandamus to compel the return of money paid into the pension fund or payment for terminal vacation time, as the city had a claim for damages resulting from the misconduct. Francis v. Corleto, 418 Pa. 417, 211 A.2d 503 (1965). Mandamus did not lie to compel a city to pay relocation costs to a public utility in connection with the construction of bridges where the city had an unliquidated claim against the utility for delinquent taxes. Equitable Gas Co. v. City of Pittsburgh, supra. The court determined that the city was authorized to set off its claim against that of the utility by the Act of July 1, 1937, P.L. 2611 §§1 and 2, as amended, 53 P.S. §§7731 and 7732. This court finds that such statutory authority was not a necessary condition for the result reached and that principles generally applicable to writs of mandamus would have compelled a similar result.

The above-cited cases indicate that defendant's claim against plaintiff need not be liquidated before it can be used as an offset. Until the claim is resolved, it is possible that any or all of the funds claimed by plaintiff will be determined not to be due. The parties have entered into a contract specifically allowing the offsetting of claims and that is sufficient to allow defendant to do so. The court finds that even in the absence of such contract, the existence of defendant's claim would prevent the finding of the clear legal right and corresponding le-

gal duty necessary to the issuance of a writ of mandamus. The petition for a peremptory writ of mandamus will be denied.

## ORDER OF COURT

And now, this July 15, 1986, plaintiff's complaint in mandamus is dismissed.