581 A.2d 677

**Abe PITTS, Appellant,**

v.

**PORT EAST PULASKI HIGHWAY, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1990.

Decided Oct. 26, 1990.

Petition for Allowance of Appeal
Denied April 1, 1991.

---

66

John J. Fonash, III, Philadelphia, for appellant.

Carl D. Buchholz, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and HUDOCK, JJ.

CAVANAUGH, Judge:

Did the trial court err in denying the appellant's petition to amend its pleading to designate the defendant as Port East Transfer Co., Inc. instead of Port East Pulaski Highway?

Plaintiff, Abe Pitts, filed suit against Port East Pulaski Highway on January 20, 1984 and claimed damages for personal injuries which he sustained in an accident on July 19, 1983. Plaintiff took a default judgment against the

designated defendant and refused a request to open the judgment against Port East Pulaski Highway. Port East Transfer Co., Inc. then moved to open the default judgment. After submission of depositions and memoranda to the court, the Honorable Thomas A. White entered an order on January 17, 1985 which opened the judgment and granted plaintiff twenty days to amend his complaint and name the proper party defendant. Plaintiff did nothing in compliance with the order and finally on September 1, 1989, filed a petition to amend to substitute the name of the intended defendant, Port East Transfer Co., Inc. The denial of this petition by D'Alessandro, J. gave rise to the present appeal.

Initially, we find that appellant's appeal may properly be considered by us as an appealable order since his suit as it now stands is, and as all parties agree, a suit against a nonentity. As we said in *Barr v. General Accident Group Ins. Co.*, 360 Pa.Super. 334, 520 A.2d 485 (1987) "although appellant would not technically be out of court, the practical result is that he would not be able to seek recovery of damages to which he claims entitlement", *Id.*, 360 Pa.Superior Ct. at 344, 520 A.2d at 490. *See also Gabriel v. O'Hara*, 368 Pa.Super. 383, 534 A.2d 488 (1987); *Bell v. Beneficial Consumer Discount Company*, 465 Pa. 225, 348 A.2d 734 (1975) ("The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications").

Appellant cites Pa.R.C.P. 1033 and a number of Pennsylvania cases which undisputably stand for the proposition that Pennsylvania courts are liberal in permitting amendments. However, appellant has already received the benefit of this liberal policy granting leave to amend on January 17, 1985. The lower court placed great reliance on the fact that appellant chose to ignore Judge White's 20-day permissive amendment order and wait until amost 5 years later to present the instant petition to amend and we agree. Our courts have long held that the decision to grant or deny permission to amend is within the discretion of the trial court and will be reversed only upon a showing of abuse of discretion. *Cf. Junk v. East End Fire Dept.*, 262

Pa.Super. 473, 396 A.2d 1269 (1978); *Schaffer v. Larzelere,* 410 Pa. 402, 189 A.2d 267 (1963); *Hachick v. Kobelak,* 259 Pa.Super. 13, 393 A.2d 692 (1978). Significantly, appellee, Port East Transfer Co., Inc., states that by reason of the failure of appellant to comply with Judge White's order, they have not been a party to the case during the years the matter was allowed to languish by appellant, and they were unable to conduct discovery or make other trial preparations. Port East Transfer Co., Inc. had no incentive to locate and identify witnesses and that the motion to amend was not filed until the case appeared on the trial list.

We conclude that appellant's failure to bring the proper party onto the record, despite the court's order granting him time to do so, supports the trial court's finding of prejudice and we affirm the order of February 5, 1990 which denied the petition to amend.

Order affirmed.