Phillips et ux., Appellants, *v.* Evans et ux.

Argued March 7, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*John T. Mulhall,* for appellants.

*George L. Fenner, Jr.,* with him *George L. Fenner, Sr.,* for appellees.

OPINION BY DITHRICH, J., April 12, 1949:

In this foreign attachment proceeding instituted by plaintiff appellants, who are residents of West Pittston, Pa., against defendant appellees, who are residents of Washington, D. C., to recover the down payment on the purchase price of certain real estate and various expenditures made by them in connection therewith, the court below made absolute a rule to show cause why a default judgment entered by the prothonotary against the defendants should not be stricken from the record.

The prothonotary was without authority to enter this judgment. The endorsement on plaintiffs' statement of claim read: "To the within defendants: You are required to file an affidavit of defense to this statement within 15 days from the service hereof." That endorsement was proper under § 10 of the Practice Act of 1915, but not under the Rules of Civil Procedure. Rule 1361 provides, in part, that the notice to the adverse party

shall be "to plead to the enclosed [name of pleading] within twenty (20) days from service hereof."

Section 17 of the Practice Act authorized the prothonotary to enter judgment for want of an affidavit of defense in assumpsit actions. This practice is continued under Rule 1037 (b) with the proviso, however, under Rule 1026 that "no responsive pleading need be filed unless the preceding pleading is endorsed with a notice to plead" within twenty (20) days after service of the preceding pleading. In the absence of the required notice to plead to plaintiffs' statement, defendants were under no obligation to file an answer and, consequently, judgment could not be taken in default thereof. Under the Practice Act, if plaintiff failed to comply with the requirement of § 10, defendant could move to strike off the statement. *Dick v. Forshey,* 71 Pa. Superior Ct. 439. Under the Procedural Rules, while the failure to properly endorse a pleading is not ground for moving to strike it off, it does, however, relieve the defendant from filing any answer to it. Furthermore, Rule 1029 (d) provides that "Averments in a pleading to which no responsive pleading is required shall be deemed to be denied." Since the averments in the statement of claim were deemed to be denied, the case was at issue and the prothonotary was entirely without authority to enter judgment "for want of an affidavit of defense or answer" upon præcipe by the attorney for plaintiffs.

While Rule 1037 (c) provides that *"In all cases, the court, on motion of a party,* may enter an appropriate judgment against a party upon default or admission" (emphasis added), the prothonotary acts in a ministerial and not a judicial capacity, and a judgment entered by him upon default or admission, except as provided by Rule 1037 (a) and (b), is a nullity and without legal effect. Cf. *Haverford Township School District, to use, v. Herzog,* 314 Pa. 161, 171 A. 455.

 We find no merit in appellants' contention that appellees are precluded from moving to strike off the judgment because they filed preliminary objection to plaintiffs' statement without questioning the endorsement thereon, or that the matter is res judicata for the reason that the rule of the garnishee in the attachment execution to show cause why the judgment should not be stricken was discharged. He contended that because he had furnished the bond to dissolve the attachment, he was a party to the action. The learned court below properly held that he, being a stranger to the judgment, had no legal standing to attack it.

 Order affirmed.