Best TV, Inc., v. Simberg

*J. J. Kilimnik*, for plaintiff.

*H. Somerson*, for garnishee.

LEWIS, P. J., March 6, 1957.—This is a petition to open a default judgment entered against the garnishee, Melville Storage Company, by plaintiff, Best TV, Inc., for failure to file a report as required by Pennsylvania Rule of Civil Procedure 1266.

On April 25, 1955, plaintiff filed a præcipe for a writ of foreign attachment in trespass against Jack Simberg, George W. Kohlhof and Muntz TV, Inc., as defendants, summoning Melville Storage Company as garnishee. On the same day the sheriff of Philadelphia County, pursuant to the writ, attached as the property of defendants some 40 television sets in the possession of Melville Storage Company. Plaintiff's complaint in trespass was subsequently filed and served on the garnishee on April 30, 1955. In this complaint plaintiff named defendant George W. Kohlhof as the general sales manager and agent of Muntz TV, Inc., and defendant Jack Simberg as the factory representative and agent of the same company.

Before the garnishee filed its report or defendants their answer, the trustees of defendant Muntz TV, Inc., which was in reorganization proceedings in the United States District Court for the Northern District of Illinois, commenced an action in that court to restrain plaintiff from proceeding further in this foreign attachment proceeding, and on July 17, 1955, that court entered the following order:

"1. That the suit now pending in the Court of Common Pleas No. 2, Philadelphia County, Pennsylvania, in which BEST TV, INC. is Plaintiff and JACK SIMBERG, GEORGE W. KOHLHOF, MUNTZ TV, INC., a corporation, and MELVILLE STORAGE COMPANY are Defendants in Cause No. 5975 in said Court of Common Pleas be dismissed forthwith and the Plaintiffs, BEST TV, INC., its officers, agents and attorneys are hereby restrained from instituting or commencing any further or similar cause of action during the pendency of these reorganization proceedings."

Subsequently, a rule was granted upon defendants and the garnishee to show cause why the foreign attachment proceeding herein should not be dismissed as to Muntz TV, Inc., only without prejudice. This rule was made absolute on August 31, 1955, by President Judge Curtis Bok of Court of Common Pleas No. 6, Philadelphia County. On the next day, September 1, 1955, the garnishee received a letter from the sheriff of Philadelphia County, which set forth the above dismissal order and included the following paragraph:

"We therefore wish to advise you that the goods attached by us in the above entitled matter on April 25, 1955, by virtue of writ of Foreign Attachment in the above entitled matter, belonging to Muntz TV, Inc., should be released to Muntz TV, Inc., or the cotrustees C. Wylie Allen or Floyd G. Dana."

Pursuant to this letter, the garnishee released the attached property to the trustees of defendant Muntz

TV, Inc., and took no further action, apparently believing that the matter had been terminated.

In the intervening period, however, plaintiff appealed the order requiring dismissal of the attachment proceedings to the United States Court of Appeals for the Seventh Circuit. On January 6, 1956, the Circuit Court rendered its opinion reversing the district court's action requiring the dismissal of the attachment proceedings as to defendants Simberg and Kohlhof and the garnishee, Melville Storage Company. When this opinion was brought to our attention on February 8, 1956, we struck from the record the previous order of the United States District Court. On the very next day, February 9, 1956, apparently without any prior communication or information to the garnishee, plaintiff entered a default judgment against defendants Simberg and Kohlhof for failure to file an answer and assessed damages in the total amount of $59,040.86, including an item of $50,000 as punitive damages. Plaintiff then proceeded to enter this default judgment against the garnishee and assessed damages in the same amount. This petition to open judgment followed. Plaintiff has filed an answer generally admitting these facts.

It is well settled that a default judgment against a garnishee may be opened as other judgments. Such a petition is addressed to the equitable power of the court, and in addition to alleging the existence of a valid defense, must appeal to the conscience of the court. In our opinion the present petition meets these requirements. It is enough, perhaps, to give a chancellor pause where a plaintiff presumes to assess punitive damages in an amount almost 10 times as much as the alleged real damages, even assuming such assessment is proper. In addition, good faith required plaintiff not only to notify the garnishee of his appeal to the Circuit Court of Appeals from the order of the

district court and to inform the garnishee of the circuit court's disposition of the appeal, but also to permit the garnishee a reasonable time after that court's decision for the filing of a report before proceeding to judgment. The record reveals no such notification. Indeed, judgment was taken one day after this court struck the order of the district court from the record.

To hold a judgment thus obtained, with its excessive assessment of damages, plaintiff would have to show a case proper in every procedural requirement and to clearly negate the existence of a valid defense on the part of the garnishee. See Phillips v. Evans, 164 Pa. Superior Ct. 410 (1949). The record and answer of plaintiff in the instant case does neither.

Pennsylvania Rules of Civil Procedure 1251 to 1279 govern process in foreign attachment. In general, this action is designed to provide a remedy in cases where defendant is beyond the jurisdiction of the court but has property within the jurisdiction. The rules provide for a manual seizure of such property or the service of the writ on the person allegedly in possession of defendant's property, that is, the garnishee. The garnishee is then required to file within 20 days a report of what property of defendant he has in his possession. If the garnishee, as in the instant case, fails to file a report within the 20-day period, judgment may be taken against him after plaintiff has obtained a judgment against defendant. Pa. R. C. P. 1277(a) in this respect provides:

"(a) If the garnishee within the time allowed by these rules fails to file an answer to interrogatories endorsed with a notice to plead, the prothonotary, on præcipe of the plaintiff, shall enter judgment in favor of the plaintiff and against the garnishee in the same amount as the judgment of the plaintiff against the defendant, together with interest and costs."

From a reading of this rule it is clear that the judgment and assessment of damages is contingent upon a proper entry of a judgment and assessment of damages against defendant. Pa. R. C. P. 1270 provides:

"The plaintiff, after the expiration of forty-five (45) days from the execution of the writ, may take judgment against a defendant who has not been served, has not appeared and has not filed a bond or security provided

"(1) a complaint has been filed at least twenty (20) days prior to judgment; and

"(2) no preliminary objections are pending."

It must be noted that while these rules provide for the entry of a judgment, nothing is said about the form of the judgment nor the method of assessing damages. However, Pa. R. C. P. 1251, the conformity rule, states:

"Except as otherwise provided in this chapter, the procedure in an action commenced by a writ of foreign attachment shall be in accordance with the rules relating to the appropriate action at law or in equity."

Thus, as pointed out in Goodrich-Amram Pennsylvania Procedural Rules Service, at page 162, §1270-1:

"The Conformity Rule therefore incorporates the practice for the particular action at law or in equity to which the attachment relates. To obtain the judgment the plaintiff must follow the procedure set forth in the Rules applicable to that action.

"Under the Assumpsit Rules, the Trespass Rules, and the Equity Rules the judgment is obtained by præcipe to the prothonotary. There is a difference, however, in the assessment of damages. If the claim is in assumpsit, for a sum certain or which can be made certain by computation, the prothonotary may also assess damages. In other assumpsit cases, and in trespass cases, damages are assessed at trial at

which the issue is limited to the amount of the damages. In equity cases the court must frame the decree. This practice must be followed here, in order to lay the foundation for further proceedings against the garnishee and the attached property."

See rule 1047, as follows: "The prothonotary, on præcipe of the plaintiff, shall enter judgment against a defendant by whom no appearance or pleading to the complaint is filed. In this case, the damages shall be assessed at a trial at which the issues shall be limited to the amount of the damages."

The wisdom of this rule is self-evident, for to permit every plaintiff to assess his own unliquidated damages, adding punitive damages as he sees fit, without reference to any standard or definite basis, would involve risk of serious injury and wrong to a defendant.

In the instant case, there has been no assessment of damages against defendant at a trial. Rather, plaintiff has merely instructed the prothonotary by præcipe to enter judgment and assess damages, including punitive damages for the sum of $50,000, in a total amount of $59,040.86. Since plaintiff's judgment against the garnishee is contingent upon a proper entry of a judgment against defendant, the garnishee in a petition to open may properly raise any defense to the irregularity of the judgment against defendant.

While we in no way condone plaintiff's conduct in entering a judgment immediately after the striking of the district court's order, or in the manner of assessment of damages, nevertheless service of the writ of foreign attachment having been properly made on the Kohlkof, plaintiff is entitled to satisfaction of his judgment garnishee, we believe that if the garnishee in fact had possession of property of defendants Simberg and ment with a proper assessment of damages.

For the foregoing reasons, we entered the following

*Order*

Upon the entry by garnishee of security in the amount of $12,500, being double the alleged value of the property levied upon by plaintiff, conditioned that the garnishee shall satisfy any judgment or order eventually made in favor of plaintiff, the rule to open judgment shall be made absolute by the prothonotary. The surety is to be approved by the court. Garnishee is given leave to file a report within 20 days.