## Ackerman v. North Huntingdon Township

Before Weiss, P. J., Sculco and Keim, JJ.

*Leonard J. Wingert* and *Loughran & Loughran,* for plaintiff.

*Christ C. Walthour* and *H. Nevin Wollman,* for defendants.

WEISS, P. J., September 1, 1964.—The question before the court en banc in the instant action is the proper disposition of a rule granted upon Alvin Ackerman, plaintiff, to show cause why the judgment entered against Marwood Corporation should not be stricken from the record, and said Marwood Corporation be permitted to file an answer to the amended complaint filed by plaintiff.

The instant suit in equity was begun by writ of summons duly issued on July 22, 1963, and served on Marwood Corporation by the Sheriff of Allegheny County, Pa., by deputized service on July 25, 1963. Thereafter, the complaint was filed on September 27, 1963, and similarly served on the Marwood Corporation, on October 4, 1963. On November 4, 1963, plaintiff praeciped the Prothonotary of Westmoreland County to enter judgment by default against Marwood Corporation and judgment was duly entered on the same day.

On February 4, 1964, an appearance was duly entered by counsel on behalf of Marwood Corporation. On February 27, 1964, counsel for Marwood Corporation petitioned our court to grant a rule on plaintiff, which rule is presently before the court. The grounds alleged in the petition as the basis for striking the default judgment are two-fold: (1) the copy of the complaint in equity served upon defendant, Marwood Corporation, did not contain a sufficient notice to plead as required by the Rules of Civil Procedure; and (2) the complaint filed by plaintiff was amended on December 16, 1963, and the amended complaint has never been served upon defendant, Marwood Corporation. The petition to strike the judgment had the appropriate verification of the Vice-President of Marwood Corporation; Marwood Corporation is at the present date merged with Samson-Miller Associated Companies, Inc.; but, for purposes of this proceeding will be called Marwood Corporation.

The judgment, which is the subject of this rule, was entered pursuant to Rule 1511 (a) of the Rules of Civil Procedure. The court does not question that service of a copy of the complaint was duly made according to law upon Marwood Corporation and that more than 20 days had expired from the date of service upon it before the instant judgment was entered. The crucial

question, however, revolves about the effect of the notice to plead which was endorsed on the copy of the complaint in equity served upon the Marwood Corporation. The particular form of notice to plead adopted in the instant case is as follows:

"To the within Defendant—You are hereby notified to plead to the within Complaint within 20 days from service hereof.

Loughran & Loughran

_____

_____

Attorneys for plaintiff"

Marwood Corporation claims the notice to plead contained in the copy of the complaint served upon it is insufficient to thrust upon it the duty to file a responsive pleading due to the lack of signature.

Rule 1501 of the Rules of Civil Procedure provides that, unless there is a specific rule to the contrary, the rules relating to an action of assumpsit shall apply to actions in equity. Rule 1361 of the Rules of Civil Procedure provides the form for notices to plead, and requires substantial compliance therewith:

"To_____-:

(Name of Adverse Party)

"You are hereby notified to plead to the enclosed (name of pleading) within twenty (20) days from service hereof.

"_____"

(Party filing pleading or his attorney)

The form notice contained in Rule 1361 provides a line for "party filing pleading or his attorney." It does not state whether that must be a signature or whether a typewritten name alone suffices.

Rule 1026 provides that pleadings subsequent to the complaint must be filed within 20 days after service of the preceding pleading but that "no responsive pleading need be filed unless the preceding pleading is endorsed

with a notice to plead." Rule 1029 (d) provides: "Averments in a pleading to which no responsive pleading is required shall be deemed to be denied." Under these rules, it becomes apparent that if the complaint in equity filed in this case was not endorsed with a sufficient notice to plead that no responsive pleading was required of defendant Marwood Corporation and each and every allegation contained in the complaint would be deemed to be denied. Therefore, no judgment could properly be entered by default, due to the lack of an appearance or an answer filed by defendant Marwood Corporation. Furthermore, no judgment could be properly entered under the authority of Rule 1511 (a) of the Rules of Equity Procedure.

Our examination of the cases on this point reveals a division of authority. In the case of Cummins Diesel Sales and Service, Inc. v. Ramsey, 71 D. & C. 503 (C.P. York 1950), the court held that the appearance of the name and address of the attorney for plaintiff under the notice to plead is sufficient and that neither the signature of the party or his counsel was required. The court reasoned that the purpose of the notice was fulfilled by printing the name and address of counsel thereby providing an address to which the responsive pleading could be mailed or delivered. In Ubiko Milling Co. v. Franks, 38 Wash. Co. 101 (C.P. Wash. 1957), the court held that the copy of notice to plead served on the adverse party must contain the signature of the opposing party or his counsel. The Ubiko case is parallel to the instant proceeding. There the question arose due to a petition to open a judgment to permit a defense to be entered where the original complaint contained a notice to plead signed by the counsel for plaintiff, but the copy served on defendant was not similarly signed. The Washington County Common Pleas Court opened the judgment which was entered by default and held it to have been improperly entered. In Phillips v.

Evans, 164 Pa. Superior Ct. 410, 65 A. 2d 423 (1949), the Superior Court held that where there is an improper notice to plead contained in a complaint, that the prothonotary cannot enter judgment by default upon failure to enter an appearance or to file a responsive pleading thereto, and any such judgment by default is a nullity. In Whelan v. Mack, 190 Superior Ct. 40, 151 A. 2d 797 (1959), the Superior Court affirmed the order of the lower court making a rule to open a default judgment absolute. In that case, three of the words in the notice were completely illegible and the court held the notice to plead to be in improper form. The court also held that in these circumstances all of the allegations of the complaint were denied and at issue and the prothonotary "was without authority to enter judgment for failure to file an Answer."

The court is of the opinion that the notice to plead contained in the copy of the complaint served upon defendant, Marwood Corporation, is insufficient to cast the burden upon it to file a responsive pleading to avoid judgment by default. Although the Rules of Civil Procedure do not expressly indicate that the notice to plead must be signed by the party or his attorney, the custom is so firmly entrenched in our practice that its failure to appear on such a notice is disarming. If the adverse party is not represented by counsel, it seems to us better that his attention be directed to these words by the added force of a signature underlying such a notice. If the adverse party is represented by counsel, there should be some certainty in the law upon which counsel may advise his client. In the instant case, it seems all the more just since the attorneys for plaintiff in equity did in fact sign the original complaint filed with this court, and certified the copy served on defendant Marwood Corporation to be a true and correct copy of the original. We are not unmindful of the allegation in Marwood Corporation's petition that it believed at the

time the judgment was entered that it had no interest in the proceeding and that probably this accounts for its failure to file a responsive pleading. This does not detract from our duty to rule on this matter.

In light of the foregoing, we do not deem it necessary to consider the effect of the amendment to the complaint made after the taking of the default judgment by plaintiff.

Counsel for plaintiff and defendant, Marwood Corporation, have entered into and filed a stipulation of record attaching as an exhibit the notice to plead which was endorsed on the copy of the complaint served upon defendant, Marwood Corporation. Since the notice to plead is a part of the record in this case, and all the facts necessary for disposition of the rule to show cause are of record, the rule is made absolute.

### Order

And now, September 1, 1964, after due and careful consideration, it is ordered, adjudged and decreed that the judgment by default in favor of Alvin Ackerman and against Marwood Corporation shall be and hereby is stricken from the record, and the rule granted upon plaintiff is hereby made absolute, and further it is ordered, adjudged and decreed that Marwood Corporation shall file a responsive pleading to the complaint in equity served upon it within 20 days from the date of filing of this decree.