Now, March 6, 1970, exceptions dismissed.

## Di Lorenzo v. Noe

*Lawrence M. Aglow*, for plaintiff.

*Weiss, Nelson & Moskowitz*, for defendants.

LUDWIG, J., June 3, 1971—We are called upon in this equity action to decide rules to show cause why a default judgment entered against defendants for failure to plead to the complaint should not be stricken off or opened.

Defendants' motion to strike off the judgment avers that the judgment is invalid in that (1) the complaint did not contain a notice to plead, and (2) the affidavit of service of the complaint was defective. The petition to open alleges, in essence, that plaintiff took a "snap judgment."

The action was begun by complaint on September 15, 1969, and plaintiff's counsel himself made personal service on September 27, 1969. At a hearing held on October 7, 1969, on plaintiff's motion for preliminary relief, defendant, George A. Noe, appeared without counsel; a temporary restraining

order was entered. Toward the end of the hearing, the court remarked of record that the complaint was not endorsed with a notice to plead.[1] To this, plaintiff's counsel rejoined that the copies of the complaint served on defendants were, in fact, thus endorsed, and that he had "no intention of snapping up a judgment." The default judgment was entered on October 20, 1969. This was 13 days after the hearing and 23 days after service of the complaint.

We are inclined to agree with defendants that juxtaposed to the assertion by plaintiff's counsel as to his intentions, the default judgment was taken in undue haste. Cf. Good v. Sworod, 420 Pa. 435 (1966). Defendants' contention that this equitable consideration is itself sufficient to dictate the opening of the judgment is, however, not well founded. The averment of a good defense is fundamental: Triolo v. Philadelphia Coca Cola Bottling Co., 440 Pa. 164 (1970); Fox v. Melton, 438 Pa. 364 (1970). Defendants' petition to open alleges no factual defense whatsoever to the cause of action pleaded in the complaint. It does not even mention in so many words that such a defense exists. It is, therefore, deficient and must fail.

Defendants' attack on the validity of the default judgment on the ground that the complaint was not endorsed with notice to plead has more merit. Under Pennsylvania Rule of Civil Procedure 1037(b), a default judgment is improper and shall be stricken off where the complaint lacks such endorsement: Phillips et ux. v. Evans et ux., 164 Pa. Superior Ct. 410 (1949); Augustine v. DeMarco, 48 Luzerne Leg. Rep. 187 (1958). The reason is indicated in Pa. R. C. P. 1026: ". . . no responsive pleading need be

---

[1] The Hon. Lawrence A. Monroe presided at this hearing.

filed unless the preceding pleading is endorsed with a notice to plead." See Lewandowski v. Crawford, 208 Pa. Superior Ct. 365 (1966). Moreover, under Pa. R. C. P. 1029(d), in any instance in which no responsive pleading is required, averments in the preceding pleading, in this instance, the complaint, are deemed to be denied. Accordingly, a defendant's failure to plead to an unendorsed complaint cannot render him in default: Phillips v. Evans, supra; Ackerman v. North Huntingdon Township, 35 D. & C. 2d 172 (1964).

The complaint filed with the prothonotary in the case at bar does not bear an endorsement to plead. In our view, this alone is fatal to the default judgment irrespective of whether it appears outside of the record that defendants were served with endorsed copies of the complaint. It is clear that under Pa. R. C. P. 1037(b) the prothonotary's authority to enter a default judgment goes no further than what can be readily ascertained by him from the record. Moreover, "being a default judgment, such a judgment can be entered only on the strictest compliance with the Rule and if the record is correct in every particular . . . [A rule] to strike off a judgment entered by default is in the nature of a demurrer to the record": 1 Goodrich-Amram §1037(b)-1, p. 258 (1957) (footnotes omitted). In the present case, the record available to the prothonotary showed only that the complaint was not endorsed and, therefore, that the entering of a default judgment was impermissible.

Nor, as we see it, was this defect cured by the colloquy between the court and plaintiff's counsel that appears in the notes of testimony of the preliminary injunction hearing. There, plaintiff's counsel asserted that the copies of the complaint which he served on defendant were endorsed with notices to plead. We do

not consider that statement of counsel to have been part of the record before the prothonotary.

Moreover, counsel's statement does not disclose what form of "notice to plead" was given to defendants. Pa. R. C. P. 1361 was amended on June 17, 1969, so as to add to the 20-day responsive pleading requirement the following warning: ". . . or a default judgment may be entered against you." The amendment, which became effective and applicable to cases pending on September 1, 1969, applies to the case before us. We have no way of knowing, however, whether or not proper notification was endorsed on the instant complaint in order to sustain a default judgment. The notice to plead must conform in detail with Pa. R. C. P. 1361. Cf. Whelan v. Mack, 190 Pa. Superior Ct. 40 (1959); Ackerman v. North Huntingdon Township, supra. This is not a matter for speculation, but must appear affirmatively in the record. We, therefore, grant defendants' motion to strike off the default judgment.

In the present case, the affidavit of service of the complaint filed by plaintiff's counsel states that service was made upon an "adult member of the family" of defendants. No explanation is given for the lack of identification of that person. Pa. R. C. P. 1013 provides that "the name of the person" receiving process shall be set forth. And see Bucks County Rule ★286(f). We find it unnecessary, however, to reach the question presented by defendants' contention that such irregularity in the affidavit of service also rendered the default judgment invalid.

## ORDER

And now, June 3, 1971, the rule to show cause why the default judgment against defendants entered

October 20, 1969, should not be opened is discharged, and the rule to show cause why that default judgment should not be stricken off is made absolute and the prothonotary hereby is directed to effectuate this order.