UEC, Inc., Plaintiff, *v.* Board of Arbitration of Claims, Defendant, and Commonwealth of Pennsylvania, Intervening Defendant.

Argued January 9, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*A. Martin Herring,* with him *Ronald P. Wertheim, Meyer Feldman, Teitelman and Herring* and *Ginsburg, Feldman and Bress,* for plaintiff.

*Frederick W. Andrews,* for defendant.

*Allen Warshaw,* Deputy Attorney General, with him *Lawrence Silver,* Deputy Attorney General, and *Israel Packel,* Attorney General, for intervening defendant.

OPINION BY JUDGE WILKINSON, February 6, 1974:

The plaintiff in this mandamus action seeks to have this Court order the Board of Arbitration of Claims, defendant, to enter a default judgment against the Commonwealth, intervenor-defendant. The essential facts of this case are as follows: On May 2, 1973, the plaintiff filed a complaint with the Board against the Department of Public Welfare, the complaint being endorsed with a notice to plead within twenty (20) days. The plaintiff sent a copy of the complaint to both the Attorney General and the Secretary of Public Welfare by certified mail. The Board, on May 3, 1973, acknowledged receipt of the complaint and wrote to the plaintiff that the "complaint is being served on the defendant this date and a responsive pleading will be required from them within thirty (30) days." No responsive pleading was received from the Commonwealth before the expiration of the thirty (30) day period on June 4, 1973.[1] The plaintiff, on June 5, requested by praecipe

---

[1] June 3, 1973, was a Sunday. A responsive pleading was filed by the Commonwealth on June 5, 1973.

the Board to enter a default judgment in favor of the plaintiff. The Board, through its Chairman, refused to enter a default judgment and this action in mandamus followed. The Commonwealth then intervened in the action before this Court and filed a motion for summary judgment and, alternatively, a motion for judgment on the pleadings. Plaintiff thereafter filed a motion for summary judgment.

The two issues before this Court are (1) whether plaintiff is entitled to relief in mandamus and (2) whether the Board of Arbitration of Claims is authorized by statute, by its own rules, or by the Pennsylvania Rules of Civil Procedure to enter a default judgment.

Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty only where there exists a clear legal right in the plaintiff and a corresponding duty in the defendant and a want of any other appropriate and adequate remedy. *Boslover Ahavas Achim Belzer Association v. Redevelopment Authority of Philadelphia*, 425 Pa. 535, 229 A. 2d 906 (1967), *M. Glosser & Sons, Inc. v. J. J. Micco*, 10 Pa. Commonwealth Ct. 320, 309 A. 2d 602 (1973). "Mandamus is a proper remedy to compel the prothonotary, the court's clerk, to perform a ministerial duty. . . ." *Stewart v. Bechtel*, 360 Pa. 123, 125, 61 A. 2d 514 (1948), *Warner v. Cortese*, 5 Pa. Commonwealth Ct. 51, 288 A. 2d 550 (1972). The primary thrust of plaintiff's argument is that it has a clear legal right to a default judgment against the Commonwealth and the Board has a duty to enter the default judgment. We disagree.

Default judgments are authorized by Rules 1037 and 1047 of the Pennsylvania Rules of Civil Procedure. Rule 1037(b), here applicable, reads, in pertinent part: "The *prothonotary*, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file with-

in the required time an answer to a complaint endorsed *with a notice to plead* or for any relief admitted to be due by the defendant's pleadings." Courts have required plaintiff's strict compliance with the Rules of Civil Procedure before entering default judgments. It must be clear that the complaint stated a good cause of action, was properly served upon the defendant, and was properly endorsed with a notice to plead. *Lewandowski v. Crawford,* 208 Pa. Superior Ct. 365, 222 A. 2d 601 (1966), *Whelan v. Mack,* 190 Pa. Superior Ct. 40, 151 A. 2d 797 (1959).

Here, there is considerable doubt whether plaintiff's complaint was properly endorsed, i.e., the endorsement gave the Commonwealth 20 days to respond, whereas the Commonwealth, by statute, has 30 days, Act of May 20, 1937, P. L. 728, as amended, 72 P.S. §4651-6. The Commonwealth urges this Court to apply the rule of *Phillips v. Evans,* 164 Pa. Superior Ct. 410, 65 A. 2d 423 (1949), wherein the plaintiff endorsed with a notice to plead within 15 days, and the Rules allowed 20 days. The Superior Court, in affirming the striking of the judgment stated that "in the absence of the *required* notice to plead to plaintiff's statement, defendants were under *no* obligation to file an answer and, consequently, judgment could *not* be taken in default thereof." 164 Pa. Superior Ct. at 412, 65 A. 2d at 424. (Emphasis added.) We need not apply *Phillips* to this case, an action in mandamus, except to note that it precludes plaintiff's claim of a clear legal right to relief in mandamus.

Furthermore, a review of the statute, Act of May 20, 1937, P. L. 728, as amended, 72 P.S. §4651-1 et seq., establishing the Board of Arbitration of Claims, the defendant herein, reveals no authority by which a default judgment can be entered by the Board. Plaintiff argues that the Board must apply the Rules of Civil Procedure because of Section 8(a) of the Act, 72 P.S.

§4651-8(a): "All hearings before the [Board] shall be public and shall be governed by all of the [R]ules of Pennsylvania Civil Procedure. . . ." This Section, of course, only applies to hearings before the Board and does not authorize the Board to enter a default judgment.

Plaintiff also argues that the Board's own Rules, 4 Pa. Code §121.1, establish that "[a]ll proceedings in an action before the Board of Arbitration of Claims shall be, as nearly as possible, in accordance with the Pennsylvania Rules of Civil Procedure relating to an action of assumpsit." Neither these rules nor the Act creating the Board, however, establish in the Board the office of prothonotary, such office being necessary if Rule 1037(b) is to be strictly complied with, as plaintiff suggests, and the law requires. In his brief, plaintiff states that since the Board does not have a prothonotary, the duty to enter a judgment "presumably" falls on the Chairman. Why not the clerk? Why not the executive secretary? If it is the Chairman, the clerk, or the executive secretary, why isn't one of these named as the defendant? These unanswered questions alone would raise doubts incompatible with mandamus.

Concern has been expressed that if the Commonwealth is not subject to the penalty of default judgment for failing to plead within the 30-day period, the plaintiff and the Board would be helpless to have the case proceed. Not so. At the conclusion of the 30-day period, if no responsive pleading has been filed, the Board may put the matter down for hearing. At the hearing, the procedure will be under the Rules of Pennsylvania Civil Procedure as expressly provided in Section 8 of the statute creating the Board, 72 P.S. 4651-8. We do not find any provision in the Act stating that the pleadings shall conform to the Rules of Pennsylvania Civil Procedure.

Accordingly, we enter the following

ORDER

Now, February 6, 1974, plaintiff's complaint in mandamus is dismissed; plaintiff's motion for summary judgment is denied; intervenor-defendant's motion for summary judgment is granted.