James Stevenson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Revenue, Respondent.

Tony Vespaziana, individually and as representative of a class of persons similarly situated, Petitioner *v.* Commonwealth of Pennsylvania, Department of Revenue and Board of Arbitration of Claims, Respondents.

Argued November 1, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr.,

MENCER, ROGERS, BLATT and MACPHAIL. Judges DI-SALLE and CRAIG did not participate.

*Louise Reiber Malakoff* and *Kenneth L. Baker,* with them, *Daniel Berger; Berger, Kapetan & Malakoff; Reed B. Day;* and *Peacock, Keller, Yohe, Day & Ecker,* for petitioners.

*Elizabeth S. Shuster,* Deputy Attorney General, with her *Joseph W. McGuire,* Deputy Attorney General, *J. Justin Blewitt, Jr.,* Deputy Attorney General, Chief, Civil Litigation, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, April 11, 1979:

James Stevenson and Tony Vespaziana (Petitioners) brought separate actions before the Board of Arbitration of Claims (Board)[1] on their own behalf and

---

[1] The Board of Arbitration of Claims was abolished by Section 7 of the Act of October 5, 1978, P.L.    , No. 260. Petitioners, here, instituted their actions in May and August of 1977. Because the is-

on behalf of all other persons similarly situated against the Department of Revenue (Department). Specifically, both Petitioners alleged that they and those they claim to represent bought "Big Fifty Bonus Lottery" tickets depicting a 27-foot Winnebago Motor Home as first prize. Petitioners alleged that they and other members of the class they claim to represent were first prize winners but they did not receive the Winnebago pictured on their lottery tickets. Instead, the Department delivered to each of them a 21-foot Winnebago valued at approximately $14,000.00 less than the 27-foot motor home.[2]

The Department filed a number of preliminary objections to Petitioners' complaints including a demurrer to those parts of the complaints asserting a class action. The Board sustained the Department's objection to the Petitioners' maintenance of a class action and dismissed the remainder of the preliminary objections.[3] The Petitioners have appealed from the Board's denial of their class action status and those appeals have been consolidated for our disposition. Petitioners contend that the law authorized class action claims before the Board and that the denial of their class action status violated the Equal Protection Clause of the United States Constitution.

Pursuant to Sections 1 and 4 of the Act of May 20, 1937, P.L. 728, *as amended*, 72 P.S. §§4651-1 and 4651-

---

sues they raise on appeal concern procedure before the Board of Arbitration of Claims, the law as it existed at the time Petitioners filed their complaints controls. We note, however, that the amendments to the law relevant to this case would not change the decision we reach today.

[2] In *Vespaziani v. Department of Revenue*, 40 Pa. Commonwealth Ct. 54, 396 A.2d 489 (1979), we held that such claims must be adjudicated by the Board and not in a court of equity.

[3] The Board's order permitted each Petitioner to proceed individually against the Department.

4 (Act),[4] the Board of Arbitration of Claims existed to arbitrate claims against the Commonwealth arising from contracts entered into by or with the Commonwealth and amounting to $300.00 or more. Section 8 (a) of the Act, provided that "All *hearings* before the board shall be public and shall be governed by all of the rules of Pennsylvania Civil Procedure *not inconsistent with this act.*" (Emphasis added.) 72 P.S. §4651-8. Section 10 of the Act authorized the Board to establish regulations governing practice before the Board. 72 P.S. §4651-10. Pursuant to that section, the Board adopted a regulation providing that "all *proceedings* in an action before the Board of Arbitration of Claims shall be, as nearly as possible, in accordance with the Pennsylvania Rules of Civil Procedure relating to the action of Assumpsit." (Emphasis added.) 4 Pa. Code §121.1.

Petitioners insist that the Board should have permitted class actions since such actions were specifically authorized by Pa. R.C.P. No. 2230.[5] Moreover, they argue that their contention has been decided in their favor in *Pennsylvania Human Relations Commission v. Freeport Area School District*, 467 Pa. 522 359 A.2d 724 (1976). In that case Appellant appealed from a decision by our Court[6] wherein we held that the Pennsylvania Human Relations Commission (PHRC) could order affirmative relief only for named complainants in a suit charging that the school district's maternity leave policy unlawfully discriminated against the complainant on the basis of sex. In the

---

[4] All references to the Act of May 20, 1937 are to the Act as it existed prior to October 5, 1978.

[5] Rescinded June 30, 1977, effective September 1, 1977, and replaced by Pa. R.C.P. Nos. 1701-1716.

[6] *Freeport Area School District v. Pennsylvania Human Relations Commission*, 18 Pa. Commonwealth Ct. 400, 335 A.2d 873 (1975).

course of his opinion for the majority of the Court, President Judge BOWMAN wrote:

> The Pennsylvania Rules of Civil Procedure, including, of course, Pa. R.C.P. No. 2230 authorizing class actions, do not apply to proceedings before administrative agencies and commissions. . . . Neither the Rules of the Pennsylvania Human Relations Commission itself, found at 16 Pa. Code §41.1 et seq. or the General Rules of Administrative Practice, found at 1 Pa. Code §31.1 et seq., provide for class actions in administrative proceedings.

*Freeport Area School District v. Pennsylvania Human Relations Commission*, 18 Pa. Commonwealth Ct. 400, 410-11, 335 A.2d 873, 879 (1975). In its decision, our Supreme Court held that Section 9 of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §959, which authorizes the PHRC to take affirmative action in cases of unlawful discrimination, actually authorizes ''class relief.'' Accordingly, the Court held that once the Commission found that the complainant was entitled to relief, it was perfectly proper for the PHRC to grant similar relief to others who had testified at the complainant's hearing. Significantly, the Supreme Court said *nothing* about our holding that class actions may not be maintained before an administrative agency. After a comparison of the majority opinions in both cases, we conclude that the Pennsylvania Supreme Court did not address or decide the issue now before us.

Previous to our decision in *Freeport,* we had held that Section 8(a) of the Act only applied to hearings before the Board and that the Board's rules, 4 Pa. Code §121.1, did not and could not incorporate all of the rules of civil procedure into proceedings before the Board, *UEC, Inc. v. Board of Arbitration of*

*Claims,* 12 Pa. Commonwealth Ct. 54, 314 A.2d 521 (1974).[7] It seems clear to us that the Legislature plainly indicated that the Rules of Civil Procedure would apply to *hearings* before the Board and that to the extent the Board's rules enlarge upon the application of the Rules of Civil Procedure to hearings, they are "inconsistent with the Act." In *Lilian v. Commonwealth,* 467 Pa. 15, 354 A.2d 250 (1976) the Pennsylvania Supreme Court held that a class action may not be maintained where there exists an adequate administrative remedy. If, in the face of an adequate administrative remedy for an individual, no class action may be maintained in a court, then there is no reason to believe that one may be maintained before an agency.

Petitioners also contend that to deny them class action status before the Board violated the Equal Protection Clause of the United States Constitution.[8] We disagree. " 'Equal protection' . . . emphasizes disparity in treatment by a State between classes of individuals whose situations are arguably indistinguishable." *Ross v. Moffitt,* 417 U.S. 600, 609 (1974). There simply was no disparity among classes in the present case. *No one* was permitted to pursue a class action before the Board; all citizens were treated alike. Each could file his own action, or, as anticipated by the decision in *Lilian, supra,* he could await the result of a similar case and then pursue his remedies before the Board. By definition then, there is no denial of equal protection when class actions are prohibited before administrative agencies.

Orders affirmed.

---

[7] *UEC, Inc.,* involved the plaintiff's attempt to take a default judgment on a complaint filed before the Board pursuant to Pa. R.C.P. No. 1037 and Pa. R.C.P. 1047.

[8] U. S. Const., amend. XIV, §1.

624

ORDER

AND Now, this 11th day of April, 1979, the orders of the Board of Arbitration of Claims, dated September 16, 1977, and December 7, 1977, sustaining preliminary objections as filed by the Department of Revenue in the nature of a demurrer to the class action are affirmed.