466 A.2d 188

**Anthony MAIORANA and Jean Maiorana, Frank Maiorana and Linda Maiorana and Pocono Futures, Inc., Appellants,**

**v.**

**FARMERS & MERCHANTS BANK.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1982.

Filed Sept. 30, 1983.

Ronald Jay Smolow, Bensalem, for appellants.

Edward B. McDaid, Philadelphia, for appellee.

Before McEWEN, JOHNSON and HOFFMAN, JJ.

McEWEN, Judge:

Appellants have taken this appeal from an order that (1) granted the petition of appellee to strike the default judgment upon which the Prothonotary had, pursuant to the praecipe of appellants, assessed damages in the amount of $225,800.00 or, (2) in the alternative, in the event that the order striking the judgment would be reversed during appellate review, granted the petition to open that default judgment. We affirm.

Appellee, in 1973 loaned, to appellant Pocono Futures, Inc., the sum of $45,000.00 which was partially secured by a mortgage on certain real estate situate both in Wayne County and Pike County, Pennsylvania, and which was further secured by the agreement of the individual appellants to serve as surety. Appellee proceeded to foreclosure and to execution upon the real estate, a proceeding that apparently had become the subject of intense litigation that was not concluded at the time of the entry of the order that is the subject of this appeal. Attorney M.E. Jones, a partner in a Wilkes-Barre law firm retained by appellee, represented appellee in the foreclosure proceeding, while Attorney H.M. Biglan of Susquehanna County represented appellants.

Attorney Biglan filed on March 16, 1977, in the Common Pleas Court of Philadelphia County, the complaint upon which the default judgment we here study was entered. That complaint is aptly described in the opinion of the hearing judge, as follows:

The Complaint, while captioned as one in assumpsit is on examination of its contents manifestly a Complaint sound-

ing in trespass. It alleges vaguely that the unspecified 'entire interests of the plaintiffs including a second mortgage in the sum of $200,000.00' were 'placed in jeopardy', because of various fraudulent acts and misrepresentations by the Bank which is the defendant in the Philadelphia action. The Complaint accuses the defendant of malicious interference of contract, conspiracy, and other tortious conduct, including the allegation that the defendant and others' . . . tortiously and criminally removed the recorded documents from the Courthouse to conceal records from the defendants (in the Wayne County action) in order to prevent plaintiffs from learning that a default judgment was illegally entered against them.'

While the Complaint alleges various tortious acts by the defendant arising out of the Wayne County mortgage transaction and other alleged written and oral agreements, the written agreements are without explanation not annexed to the Complaint. There is absolutely nothing in the Complaint which would permit anyone to discern or compute the sum of the alleged damages. Moreover, the claim for relief at the end of the Complaint is the usual *ad damnum* clause used in trespass actions, "Wherefore plaintiffs hearby (sic) demand judgment in excess of $10,000.00."

Appellee filed on April 18, 1977, preliminary objections to the complaint which asserted, in summary: a demurrer, a motion to strike, a motion for a more specific pleading and a motion to dismiss by reason of the pendency of the identical claim in a prior suit, specifically, a counterclaim that had been asserted by appellants in the Wayne County proceeding. The preliminary objections did not, however, comply with the requirements of the Rules of the Common Pleas Court of Philadelphia County, as a result of which the preliminary objections were dismissed by a routine order of the motion judge entered on July 6, 1977. The order of dismissal was docketed one week later on July 13, 1977, with the notation that notice of the entry thereof had, pursuant to Pennsylvania Rule of Civil Procedure 236, been

given by ordinary mail to all counsel of record, which would include Attorney Biglan for appellants and Attorney Jones for appellee. The docket reflects that no action was taken on behalf of either party for the following twenty-five (25) months until new counsel for appellants filed a praecipe for the entry of a default judgment, a praecipe for the assessment of damages in the amount of $225,800.00, and a praecipe to commence execution. The record indicates that new counsel did not file a praecipe for entry of his appearance, did not file a praecipe for the withdrawal of the appearance of Attorney Biglan and did not advise Attorney Jones, who was counsel of record, of his intention to proceed to a default judgment; in fact, at the time of the entry of the default judgment, approximately twenty-eight (28) months had elapsed since any counsel for any party to the suit had taken any action of any type. Appellants also garnished on September 5, 1979, the assets of appellee in the Provident Bank. Appellee proceeded to file a petition to open the default judgment on September 20, 1979, and thereafter also filed a petition to strike the judgment.

■ It is well established that the Prothonotary, in entering a default judgment, acts in a ministerial, and not a judicial capacity, and unless a default judgment is clearly authorized by the Pennsylvania Rules of Civil Procedure, the default judgment is a nullity and will be stricken from the record. *Phillips v. Evans*, 164 Pa.Super. 410, 65 A.2d 423 (1949); P.L.E.Judgment § 103. *See generally N.H. Weidner, Inc. v. Berman*, 310 Pa.Super. 590, 456 A.2d 1377 (1983). The Prothonotary here, pursuant to the praecipe of appellant, directed that "judgment [be] entered in favor of the plaintiff and against the defendant and damages assessed in the amount of $225,800.00 and costs". Pennsylvania Rule of Civil Procedure No. 1037(b), 42 Pa.C.S.A., provides:

## RULE 1037. JUDGMENT UPON DEFAULT OR ADMISSION. ASSESSMENT OF DAMAGES

(b) The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file

within the required time an answer to a complaint which contains a notice to defend or for any relief admitted to be due by the defendant's pleadings. The prothonotary shall assess damages for the amount to which the plaintiff is entitled if it is a sum certain or which can be made certain by computation, but if it is not, the damages shall be assessed at a trial at which the issues shall be limited to the amount of the damages.

An examination of the complaint reveals that the assessment of damages directed by the Prothonotary was not authorized by Rule 1037(b) since the complaint did not express a claim for a sum certain or a sum which could be made certain by computation. Appellants themselves so indicate since the *ad damnum* clause of the complaint prays: "Wherefore plaintiffs hereby demand judgment in excess of $10,000.00". As the learned Judge Francis A. Biunno noted in his able opinion:

> [W]e must agree that the Complaint in none of its allegations sets forth a sum certain or facts upon which the sum claimed could be calculated.

The plaintiffs contend that the amount of the judgment is supported by the allegation in paragraph 13 of the Complaint which avers that:

> '13. Plaintiffs' entire interests were *placed in jeopardy* including the $200,000 second mortgage referred to in paragraph 9.' (emphasis provided).

It is clear that an allegation that a certain amount was 'placed in jeopardy' is *not* tantamount to either an allegation that the same amount was lost, or an allegation that the plaintiffs suffered damages in that amount.

Since the Complaint does not specify a sum certain upon which the prothonotary could enter judgment or facts from which the prothonotary could calculate the damages, as required by Pa.R.C.P. 1037(b), the entry of judgment in the amount of $225,800.00 by the prothonotary was done erroneously.

■ While the Prothonotary was unauthorized to assess damages, it does not appear that the entry of the default judgment itself was unauthorized. The hearing judge correctly noted:

> [W]e note that the Complaint, if viewed as a Complaint in Assumpsit, is by and large, incomprehensible. It is a conglomeration of legal conclusions and disjointed factual assertions which, however, would, if liberally construed, support a trespass action. There are some contractual allegations, however, and in light of these the proper remedy would be to file preliminary objections rather than striking the judgment on the grounds that no answer was required.

As a result, however inartfully the claim of appellant has been pleaded, it does not appear from the record that the judgment is irregular on its face and we cannot agree that it should be stricken. *Township of Middletown v. Fried & Gerber, Inc.,* 308 Pa.Super. 161, 454 A.2d 71 (1982); *J.F. Realty v. Yerkes,* 263 Pa.Super. 436, 398 A.2d 215 (1979).

■ We next consider the issue of whether the default judgment should be opened. The law of the Commonwealth is clear that, in order to open a default judgment, the petitioner must demonstrate (1) the petition to open was filed promptly, (2) the failure to act on the original complaint can be reasonably explained, and (3) a meritorious defense to the underlying claim exists. *Commonwealth, Department of Transportation v. Nemeth,* 497 Pa. 580, 442 A.2d 689 (1982); *Balk v. Ford Motor Company,* 446 Pa. 137, 285 A.2d 128 (1971). There can be no dispute but that appellee proceeded to file the petition to open in prompt fashion and that appellee has a meritorious defense to the claim of appellants. We share, as well, the conclusion of the trial court that the fact that counsel for appellee did not receive notice of the dismissal of the preliminary objections together with the following equitable considerations satisfies the requirement that appellee provide a reasonable explanation or excuse for the failure to act:

> While appellee took no steps for over two years to ascertain the status of the case following the filing of prelimi-

nary objections, counsel for appellant was satisfied to permit the action to remain dormant while pursuing the pending case in Wayne County.

The failure of the appellee to act in no way impeded the appellants in establishing their claims.

The failure of appellants' counsel to warn appellee or its counsel of an intention to proceed to default, after so prolonged a lull that was apparently acquiesced in by, if not satisfactory to, appellants, was a failure to comply with the customary standard of courtesy between and among members of the Bar in the Philadelphia area. This customary standard of courtesy became a procedural requirement when, within four months of the default judgment here entered, Pennsylvania Rule of Civil Procedure 237.1 was adopted on December 14, 1979.

■ A reviewing court will not reverse a trial court's decision to open judgment unless there was an error of law or a manifest abuse of discretion. *Kennedy v. Frank F. Black, Jr., Inc.,* 492 Pa. 397, 424 A.2d 1250 (1981); *Balk v. Ford Motor Company, supra.* There was no error of law and we conclude the decision of the court to open the judgment was a proper exercise of discretion. In fact, an examination of the complaint of appellants prompts the thought that it would have been an abuse of discretion *not* to open a judgment entered upon so misshapen a pleading.

The order opening the judgment is affirmed. Case remanded for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.

JOHNSON, J., files a dissenting statement.

JOHNSON, Judge, dissenting:

The majority holds that "[w]hile the Prothonotary was unauthorized to assess damages, it does not appear that the entry of the default judgment itself was unauthorized." At 344. The opinion then proceeds to address the petition to open judgment. I must respectfully disagree with such an analysis, and therefore I respectfully dissent.

Once we determine, from the face of the record, that the prothonotary was without authority to enter such judgment, we should uphold the order striking the judgment. See *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 288 A.2d 819 (1972). Instead, the majority bifurcates the judgment into one for liability and one for the assessment of damages. Finding that the judgment as to liability was valid, the majority proceeds to consider the petition to open. However, I believe that we must strike the judgment because of the defect pertaining to damages, *without referring to the question of liability.* Compare, *Leomporra v. American Baking Co.*, 198 Pa.Super. 545, 178 A.2d 806 (1962) (judgment in excess of monetary jurisdiction stricken without reference to the merits), vacated on other grounds, 198 Pa.Super. 545, 182 A.2d 917 (1962).

While Rule 1037, Pa.R.C.P. provides for bifurcation before the trial court when the prothonotary is unable to assess damages from the face of the complaint, I do not believe that it is proper on the appellate level to do likewise. When faced with a fatally defective judgment, we should not attempt to salvage a portion for further review.[1]

I would affirm the order striking the default judgment.

---

**1.** I also question the validity of the trial court's alternate order opening judgment. Once it had stricken the judgment, was there anything left to open?